### Sweeney Manufacturing Company v. David Goldberg.

1. CREDITOR'S BILL—*Pendency of, Can Not be Pleaded in Bar.*—The pendency of a creditor's bill brought by one creditor for the benefit of all the creditors of a common debtor, can not be successfully pleaded in abatement or in bar of a subsequent bill brought by a different creditor in a different right, until after a decree has been rendered in the former suit, under which all may come in and participate.

2. EQUITY PRACTICE—*Consolidation of Suits.*—Where creditors' bills by different creditors are pending against the same common debtor, the court may, upon a proper motion, consolidate them.

**Creditor's Bill.**—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed November 5, 1896.

HAWLEY, PROUTY & SCHMITT, attorneys for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellant and the Grey Iron Manufacturing Company, judgment creditors of the appellee, filed their creditor's bill against appellee and others, on September 1, 1894, praying, among other things, for an injunction and for the appointment of a receiver.

To such bill the appellee pleaded, by his verified plea, that on July 28, 1894, there was filed in the same court, by

Sweeney Mfg. Co. v. Goldberg.

the New York Stamping Company, another judgment creditor of the appellee, a creditor's bill against appellee and the other defendants herein, wherein were made substantially the same allegations as were contained in the bill of appellant, and whereby the same relief was sought, and that said bill of the New York Stamping Company was filed for the benefit of all creditors of the appellee who should join therein, and that other creditors of appellee had intervened therein by petition in the nature of a creditor's bill.

The plea was, by the Superior Court, held to be sufficient, and the bill dismissed as to the appellee.

From such decree of dismissal this appeal is prosecuted, and the only question we need consider is, was the plea good and sufficient.

The appellee has filed no brief in this court, and we are left without aid to find justification, if any exists, for the decree.

The general rule is, that the pendency of a creditor's bill brought by one creditor in behalf of all creditors of the common debtor, can not be successfully pleaded in abatement or in bar of a subsequent bill brought by a different creditor in a different right, until after decree has been rendered in the former suit, under which all may come in and participate. 1 Daniell's Ch. Pl. and Pr., 635 and 794; Macey v. Childress, 2 Tenn. Ch. 23; Moore v. Holt, 3 Tenn. Ch. 141; Innes v. Lansing, 7 Paige Ch. 583; Rogers v. King, 8 Paige Ch. 210.

Probably, if the appellee wishes to avoid the trouble and expense of making separate defenses to this suit and that of the New York Stamping Company, the court in which those cases were brought would, upon motion, consolidate them. Russell v. Chicago Trust and Savings Bank, 139 Ill. 538.

But we know of no authority which justifies the dismissal of this suit under a plea of the other former suit pending.

The decree is therefore reversed and the cause remanded.