# Dobson *v.* Hurley *et al.*

*Bill in Equity to foreclose Mortgage.*

1. *Chancery pleading; sufficiency of plea of res adjudicata.*—In a bill filed to foreclose a mortgage, where the defendant interposes a plea of *res adjudicata*, in which it is averred that in a suit in the circuit court upon a note, to secure the payment of which the mortgage sought to be foreclosed was given, it had been judicially ascertained that the defendant was not indebted to the complainant, and the judgment in the suit in the circuit court is set out in said plea, and it appears that in an action in the circuit court there was interposed the plea of the general issue, of payment, and of the statute of limitations, and that a verdict was rendered for the defendants, and it was not negatived in the plea of *res adjudicata* that the verdict was not found upon the plea of the statute of limitations, such plea of *res adjudicata* is insufficient.

APPEAL from the Chancery Court of Randolph.

Heard before the Hon. RICHARD B. KELLY.

The bill in this case was filed on March 9, 1899, by the appellant, W. Dobson, as serviving partner of the firm of Dobson & Merrill, against the appellees to foreclose a mortgage, which was executed by the defendants to the partnership of Dobson & Merrill. Upon the filing of this bill the respondents interposed the plea of *res adjudicata*, in which they aver that the matters in controversy between the complainant and the respondent have been al-

ready adjudged, and it has been judicially ascertained that the respondents were not indebted to the plaintiff in any sum whatever under the mortgage and note described in the bill; that on January 6, 1899, the plaintiff and his partner, under the firm name of Dobson & Merrill, began an action against the respondents in the circuit court of Randolph county for the alleged mortgage debt, which is subject of the suit in the present bill. There is then set out in said plea the summons and complaint, which was filed by the complainant's firm against the respondents in the circuit court. The complaint counted upon a promissory note, which the mortgage was given to secure. It was then averred in the complaint that judgment was rendered in the circuit court in favor of the defendants, and the judgment so rendered is set out in the complaint, and is in words and figures as follows: "This day came the parties by their attorneys, and in their own proper persons, and issue being joined between the parties on the pleas of the general issue, payment and statute of limitations of six years, thereupon came a jury of good and lawful men, to-wit, J. W. Fuller foreman, and eleven others, who, being legally empannelled and sworn, as required by law on their oaths, say: 'We, the jury, find for the defendant.' It is, therefore, considered and adjudged by the court that the defendants go hence," etc.

The respondents then averred in their plea that the judgment is still subsisting and unreversed, and that the circuit court had jurisdiction of said suit. To this plea the complainant demurred upon the following grounds: 1. It does not appear from said plea that the verdict of the jury and the judgment of the circuit court as set out in said plea relied upon as a bar to this suit, were upon an issue which would be a bar to the maintenance of the present bill. 2. That the issue actually determined by the verdict and judgment in the cirucuit court is not shown by said plea to have been an issue which would bar the maintenance of the present suit. 3. It appears from said plea that in the action in the circuit court as therein set out several different pleas were interposed, some of which were not any bar to this suit; and it does not appear in the plea upon which of said

issues in said former cause the verdict and judgment were rendered. The complainants also moved the court to strike said plea from the file, upon the ground that the same was insufficient for the reasons assigned as grounds of the demurrer.

On the submission of the cause upon the sufficiency of the plea the chancellor rendered a decree holding that the plea was legally sufficient as a defense to the maintenance of the present suit. From this decree the present appeal is prosecuted, and the rendition thereof is assigned as error.

B. B. & W. H. BRIDGES and OLIVER & OVERTON, for appellants, cited *Gilbreath v. Jones*, 66 Ala. 129; *Williamson v. Mayer Bros.*, 117 Ala. 259; *McCall v. Jones*, 72 Aa. 368; *Burlen v. Shannon*, 99 Mass. 200; *Lea v. Lea*, 99 Mass. 493; *Russell v. Place*, 94 U. S. 606.

HENDERSON & ROWLAND, *contra*, cited *Brown v. Tillman*, 121 Ala. 633; *Pray v. Higeman*, 98 N. Y. 351; *Jordan v. Van Epps*, 85 N. Y. 436; *Smith v. Smith*, 79 N. Y. 634; *Tankersley v. Pitts*, 71 Ala. 186.

SHARPE, J.—Unless the subject matter of an anterior suit be identical with that of a subsequent suit, a judgment rendered in the first is not conclusive upon the parties in the later suit except as to questions which were tried and determined in the first.—*Strauss v. Meertief*, 64 Ala. 299; *Crowder v. Red Mountain Iron Co.*, 127 Ala. 254; *Cromwell v. Sac.*, 94 U. S. 351.

That both suits grew out of the same transaction does not prove the identity of their subject matter, for one contract may confer several distinctly different rights, as where a debt is created and secured by mortgage. The debt remaining unpaid after maturity and after the law day had passed, the mortgagee had three rights and as many remedies. He may sue at law for the debt, or for possession of the mortgaged property, and he is also entitled to foreclose the mortgage in equity. The statute of limitations may bar the remedy for collecting at law, but it does not extinguish the debt or bar the right to

foreclose.—*Duval v. McLoskey,* 1 Ala. 708; *Coyle v. Wilkins,* 57 Ala. 108; *Relfe v. Relfe,* 34 Ala. 500; 13 Am. & Eng. Ency. Law, 703.

Here the suit is for foreclosure. Its subject matter is the enforcement of a right in land, and is, therefore, essentially different from that of the former suit which sought merely to recover a judgment *in personam.* The judgment there rendered for defendants cannot preclude foreclosure unless its rendition involves the establishment of some defense which would also be a defense to the present suit. This would be so if it appeared that either the general issue or the plea of payment was sustained in the first suit. The issues there presented by the pleadings were broad enough to include a defense here, but among them was that presented of the statute of limitations of six years which as has been shown is no bar to this suit. The verdict was general for the defendants and from all that appears from the present plea the jury may have found it alone upon the consideration that the remedy at law was barred. In failing to negative that the verdict was so found, this plea is insufficient.—*Strauss v. Meertief, supra; Burden v. Shannon,* 13 Gray, 433; *Green v. Merchants, etc., Bank,* 19 So. Rep. (Miss.), 350.

Under proper averments the question as to which defense the verdict is referable, would become one of fact which might be determined upon evidence extrinsic to the record of the first suit including parol testimony not contradictory of that record.—*Burden v. Shannon, supra;* 3 Brick. Dig. 580, § 82.

The chancery decree will be reversed, and one will be here rendered overruling the plea and remanding the cause.