# Bufford *v.* Chambers, *et al.*

*False Imprisonment.*

(Decided Nov. 27th, 1906.   42 So. Rep. 597.)

1. *Pleading; Demurrer; Time for Filing.*—Demurrers were filed to both the complaint and the amendment thereto on the same day that the amendment was filed. Motion was made to strike

[Bufford v. Chambers, et al.]

the demurrer from the file because not filed within the time required by law, which motion was overruled. Held, not error.

2. *Appeal; Review; Matters not Shown by Record.*—Where the record fails to disclose when the appearance was entered, the failure of the court to grant plaintiff a judgment on account of defendant's failure to enter an appearance within the time required by law, cannot be reviewed on appeal.

3. *Judgment; Default of Appearance; Waiver of Objection.*—Both parties to the action announced ready for trial, and plaintiff entered a motion to strike defendant's demurrers from the file. Plaintiff then moved for a judgment because of defendant's failure to enter an appearance within the time required by law. Held, plaintiff waived the irregularity by his former action.

4. *Justices of the Peace; Action on Official Bond; Sufficiency of Complaint.*—The justice of the peace and his bondsmen were sued, the complaint alleging that he unlawfully and wrongfully issued a warrant of arrest. Held, complaint was demurrable in failing to state what the unlawful acts were.

APPEAL from Jefferson Circuit Court.

Heard before HON. A. H. ALSTON.

Action by Young Bufford against P. C. Chambers, et al., for false imprisonment. There was judgment for defendants, and plaintiff appeals.

This was an action begun in the Bessemer city court, and, upon application of the defendant, removed to the circuit court of Jefferson county. The complaint was as follows: First count: Plaintiff claims of the defendant the sum of $1,000 as damages, and for cause of action avers that at the time of the bringing of this suit, and before March 1, 1905, P. C. Chambers was a justice of the peace of precinct 3, Jefferson county, Ala., and before entering upon the duties of his office as such justice of the peace he executed his official bond, with the American Bonding Company, of Baltimore, Md., a corporation, which said corporation has a place of business in Birmingham, Jefferson county, Ala., and which is conducted by Messer & Moore, as his surety, which said official bond contained the condition that said P. C. Chambers, as such justice of the peace, would faithfully discharge his duties of such office as such justice of the peace during the time he continued therein, or discharge

any of the duties thereof, which said bond, after the execution of the same, was duly approved and filed as required by law of the state of Alabama; and the plaintiff avers that on the ―――― day of ―――――, 1905, the defendant Chambers wrongfully and unlawfully, under color of his office as such justice of the peace, issued an affidavit and warrant of arrest against the plaintiff, charging him with cruelty to animals, thereby causing him to be arrested and detained under said affidavit and warrant of arrest, to his damage $1,000." Second count: The second count is exactly like the first down to and including the words "laws of the state of Alabama," with the additional averment that "on, to-wit, ―――――, 1905, the defendant P. C. Chambers maliciously and without probable cause therefor issued an affidavit and warrant of arrest against plaintiff under color of his office as such justice of the peace, and thereby caused plaintiff to be restrained of his liberty, kept from his employment, and his money wrongfully taken, all to his damage $1,000." Third count: Same as the first count down to and including the words "laws of the state of Alabama," with the additional averment that the defendant wrongfully and unlawfully issued a writ of garnishment on, to-wit―day of April, 1905, against the Tennessee Coal, Iron & Railroad Company, a corporation, wherein the plaintiff was made the defendant in said garnishment writ, and thereby caused defendant's money to be taken from him on said garnishment writ, to his damage $1,000." This appears to have been filed April 20, 1905. On the 16th day of March, 1906, the following amended complaint was filed: "Comes the plaintiff, and, after obtaining leave of the court, amends his complaint to read as follows: (Same as original count 1 down to and including the words "as required by the laws of the state of Alabama," and adds the following:) And plaintiff avers that on April 18, 1905, the defendant while acting in said precinct 3 and under said bond, and acting under color of his office as such justice of the peace, in said precinct and under the said bond as aforesaid, wrongfully and unlawfully issued a writ of garnishment on to-wit the 18th day of April, 1905, directed to the Tennessee Coal, Iron &

Railroad Company, a corporation, as garnishee, and the plaintiff as defendant in said writ of garnishment, thereby wrongfully and unlawfully attaching the wages due and owing to the plaintiff for work and labor done for said company, wrongfully and unlawfully causing plaintiff's money to be taken from him, causing him inconvenience and expense, all to his damage."

Demurrers were filed by the defendant Chambers to the original complaint, and the same demurrers were refiled to the amended complaint, as follows: "(1) It appears that the defendant was acting in his judicial capacity at the time he caused the matters and things therein charged to be done. (2) It does not show that the defendant is liable to plaintiff. No facts are averred showing any liability. No facts are averred showing that defendant was acting under color of his office. It is averred as a mere conclusion that defendant was acting under the color of his office. No facts are averred showing that the issuance of said warrant was not lawful. It is not shown or averred in said count that defendant Chambers did not have jurisdiction to issue the warrant of arrest alleged to have been issued." The same demurrers were interposed to the third count, with the additional grounds as follows: No facts are averred showing that Chambers unlawfully issued the writ of garnishment: It is averred as a mere conclusion that the defendant unlawfully issued the writ of garnishment. Said count is based upon the breach of a bond, and the conditions are not sufficiently set out, nor are the breaches of said bond sufficiently assigned. It is not shown or averred that the conditions of said bond were broken." The American Bonding Company filed practically the same demurrers, with the following additional demurrers by both defendants jointly: "Said complaint improperly joins an action ex contractu and an action ex delicto. Two separate and distinct causes of action are shown in said complaint. The breaches of the bond assigned in said complaint are for violations of duty of the defendant Chambers in the discharge of judicial function, for that it appears that defendant Chambers was acting in his judicial capacity, when he committed the supposed breach."

These demurrers were sustained to both the original and amended complaint, and, the plaintiff declining to plead further, judgment was rendered for defendant.

PINKNEY SCOTT, for appellant.—For any abuse of his ministerial duties under color of his office resulting in injury to any person a justice of the peace and his sureties become liable in damages.—*Lester v. Governor,* 12 Ala. 624; *Iron v. Lewis,* 56 Ala. 194. The sureties are liable for a misfeasance as well as for a malfeasance of their principal.—*Kelly v. Moore,* 51 Ala. 364; General Acts 1903, p. 232. The issuance of a warrant and affidavit is a ministerial act and not judicial.—*Kelly v. Moore, supra; Grider v. Talley,* 77 Ala. The complaint charges abuse of ministerial duties.—Authorities supra. The complaint does not join an action ex delicto with an action ex contractu.—*Kelly v. Moore, supra; Irion v. Lewis, supra; McKee v. Griffin,* 66 Ala. 212; *Mason v. Crabtree,* 39 Ala. 479; *Eslava v. Jones,* 83 Ala. 140; *Bellinger, et al. v. Glenn, et al.,* 80 Ala. 190. The court should have granted the judgment by default.—§ 1856, Code 1896.

FRANK S. WHITE & SONS, for appellee.—The doctrine of exemption from civil liability for judicial acts and opinions within their jurisdiction apply to all judicial officers.—17 A. & E. Enc. of Law, p. 727; *Busteed v. Parsons,* 54 Ala. 393; 2 Hilliard on Torts, 101; 54 Ia. 71. A justice of the peace is allowed the same exemptions for his judicial acts.—17 A. & E. Enc. of Law, p. 725. The act was judicial.—79 Am. Dec. 468; 3 Cushing, 533; 4 Allen, 114; 6 Am. Rep. 508. To render him liable it must be shown that his decision or act was not merely erroneous but that he acted from a spirit of willfulness, corruption and malice.—*Burton v. Fulton,* 49 Pa. St. 151; *Gregory v. Brooks,* 37 Conn. 365; *Weaver v. Devendorf,* 3 Denio, 120. Justices of the peace are not amenable to civil action for damages for their judicial acts however erroneous or corrupt.—*Coleman v. Roberts,* 113 Ala. 325; *Woodruff v. Stewart,* 63 Ala. 206; 68 Ala. 43; 47 Ala. 422; 36 Ala. 320; 119 Ala. 518; 19 Ala. 89; 56 Ala. 190. The allowance of judgment by

[Bufford v. Chambers, et al.]

default was purely a matter within the discretion of the trial court as was the refusal of the court to strike the demurrers from the file on plaintiff's motion.—*Goodwater Warehouse Co. v. Street*, 34 So. Rep. 903; *Jones v. Ritter*, 56 Ala. 270; *Steele v. Tutwiler*, 57 Ala. 113; *Foster v. Busher & Co.*, 104 Ala. 668; *Walker v. English*, 106 Ala. 369; *Wager v. Sullivan & Co.*, 120 Ala. 572.

DOWDELL, J.—The complaint as originally filed contained three counts, and was subsequently amended. The amendment was made as follows: "Comes the plaintiff, and, after obtaining leave of the court, amends his complaint to read as follows"—setting forth what purports to be a new complaint with a single count. It would seem from this that the amendment was intended as a substitute for the original complaint. But, be this as it may, the defendants, on the day of the filing of the amended complaint, filed demurrers to the original complaint, as well as the amended complaint. The plaintiff moved to strike the demurrers from the file on the ground that the same were not filed within the time required by law, and also at the same time moved for a judgment by default against the defendants on the ground that no appearance was made by defendants within 30 days after they had been served. The court overruled the motion. The motion to strike the demurrers was clearly wanting in merit; the demurrers having been filed on the same day that the complaint was amended, and to which the demurrers were interposed.

It is not made to appear from the record when appearance was entered by the defendants, and, if the motion for a judgment for failure to enter appearance within the time required by law otherwise had any merit, it was unsupported in this respect. The bill of exceptions recites that, on the case being called for trial, "all of the parties" announced ready for trial. It was after this, and after motion made to strike the demurrers, that the motion for judgment for failure to appear was made. Clearly the motion was without merit and was properly overruled.

[Gambill v. Fuqua.]

. The several counts of the complaint as originally filed, as well as the amendment, were defective, and subject to the demurrer in the failure to state facts showing in what the unlawful acts of the defendant Chambers consisted, besides being in other respects bad and open to other grounds of the demurrer. The averment that the defendant, as justice of the peace, unlawfully.'or wrongfully issued the warrant of arrest, without more, is but the conclusion of the pleader and insufficient. The court committed no error in its ruling on the demurrers. We find no error in the record, and the judgment will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and MCCLELLAN. JJ., concur.