# Dupuy *v.* Wright.

## *Assumpsit.*

(Decided January 14, 1912.  Rehearing denied February 14, 1913. 60 South. 997.)

1. *Pleading; Abatement; Verification.*—A plea in abatement going to the jurisdiction of the court must be verified to be good. (Section 5332, Code 1907.)

[Dupuy v. Wright.]

2. *Same; Discretion; Motion to Strike.*—The matter of striking a plea in abatement which was not filed in time is within the discretion of the trial court.

3. *Same; Proper Purpose.*—Under rule 12, circuit court practice, a motion to strike a plea in abatement because not filed in time is the proper practice and a sufficient objection to the plea.

4. *Appeal and Error; Review; Record.*—This court cannot on appeal review the action of the court on demurrer where the demurrers are not set out in the record.

5. *Same; Harmless Error; Argument of Counsel.*—It was improper for the counsel to argue that plaintiff obtained a judgment in the lower court for the full amount sued for, and that we ought to have it here, and it was reversible error for the court to refuse to instruct the jury to disregard such argument as well as to tell them that it was proper.

6. *Contract; Acceptance; Execution of Note.*—Where a person knowingly accepts defective cement work and afterwards executes a note in payment therefor, he cannot thereafter claim damages for the defect in an action against him on the note.

7. *Charge of Court; Misleading; Duty.*—Where a party to a cause thinks that a charge properly stating the law has a misleading tendency as applied to the case it becomes his duty to request an explanatory instruction.

APPEAL from Jefferson Circuit Court.

Heard before Hon. JOHN C. PUGH.

Assumpsit by R. H. Wright against J. M. Dupuy. From judgment for plaintiff, defendant appeals. Reversed and remanded.

The action was on a promissory note. The plea referred to was that the suit was brought out of the precinct of plaintiff's residence, and that the debt was not created, and the cause of action did not arise in the precinct where the court was located. Plaintiff had judgment in the lower court, and defendant appealed to the circuit court, where the case was tried on a plea of not guilty and set off for a failure to properly do the cement work for the doing of which the note was given. The charge referred to in the opinion is as follows: "I charge you, gentlemen of the jury, that if you believe from the evidence that defendant accepted the cement work knowing its defect, and executed his note, the

foundation of this suit, in paying for said cement work, the defendant cannot claim any damages by way of set-off or recoupment."

FRANK S. ANDRESS, for appellant. The court was in error in not allowing appellant to verify his plea.—Section 5367, and authorities there cited. The court erred in striking the plea, as demurrer and not motion to dismiss was the remedy.—*Mann L. Co. v. Bailey,* 156 Ala. 598; *A. G. S. v. Clark,* 136 Ala. 461; *Powell v. Crawford,* 110 Ala. 300. Counsel discusses other assignments of error, but without further citation of authority.

IVEY F. LEWIS, for appellee. The pleas in abatement must be verified.—Rule 11, C. C. Pr.; Sec. 5332, Code 1907. Motion to strike such a plea is the proper practice when the plea is not filed in time.—Rule 12 C. C. Pr.; *Cobb. v. Miller,* 9 Ala. 499; *Halley v. Young,* 27 Ala. 203. It was within the discretion of the court to strike the plea.—*S. L. & F. R. R. Co. v. Sutton,* 169 Ala. 389; *Hawkins v. Armour P. Co.,* 105 Ala. 545; *Reid L. Co. v. Lewis,* 94 Ala. 626. The demurrers are not shown in the record, and hence, cannot be considered. Counsel discuss other assignments of error, but without further citation of authority.

PELHAM, J.—The plea in abatement going to the jurisdiction of the court of common pleas should have been verified by affidavit.—Code, 6332. The motion to strike the plea because not filed in time was the proper practice.—Rule of Practice No. 12, Code, p. 1520; *Cobb v. Miller,* 9 Ala. 499; *Hart v. Turk,* 15 Ala. 675; *Holley v. Younge,* 27 Ala. 203. It was a matter within the discretion of the court to strike the plea on appellee's motion.—*St. Louis & S. F. R. Co. v. Sutton,* 169 Ala.

389, 55 South. 989, Ann. Cas. 1912B, 366; *Reed Lumber Co. v. Lewis*, 94 Ala. 626, 10 South. 333. The demurrers to the replications are not set out in the transcript and we are unable to review the court's action on them.

The written charge given at the request of the plaintiff stated a correct proposition of law, and the court cannot be put in error for giving it. If the defendant thought the charge had a misleading tendency as applied to some of the evidence in the case, it was his duty to request a charge to correct this, and it would seem from reading the charge given at the request of the defendant, numbered by us 2 in the margin of the record, that this was the course pursued.

Counsel for the plaintiff in his closing argument to the jury said: "Gentlemen of the jury, this case is an appeal from the inferior court of Birmingham, now called the Birmingham court of common pleas, and plaintiff obtained a judgment in the lower court for the full amount sued for and we ought to have it here." The defendant objected to this argument and moved the court to exclude it. The court overruled the objection and refused to instruct the jury to disregard the argument, making the statement, in passing on the objection, that "the transcript from the court below showed that the plaintiff had obtained a judgment, and it was therefore proper argument to the jury, though this case was now being tried de novo."

Possibly under some circumstances the mere assertion of the bare fact that there had been a judgment rendered for the plaintiff on the former trial might properly have been referred to, but not when calculated to prejudice the jury in its finding in the case on trial, and not when made for that evident purpose, as the argument objected to in this case shows on its face was the object in view in making it. The design and ten-

dency of the argument was evidently to influence the finding of the jury, through the action of the lower court on the former trial, in finding for the plaintiff. It was an appeal to cajole the jury into rendering a verdict for the plaintiff because the lower court had made such a finding, and had a natural tendency to directly affect the verdict of the jury by impressing them with this fact, a fact which they had no right to consider or weigh in arriving at a conclusion in the case on trial.

The remark made by the court in passing on the objection was calculated rather to further prejudice the case in this particular than to relieve the argument of its injurious effect and prejudicial tendency.

We are unable to say that the defendant's rights were not materially prejudiced by this improper argument; and it is well settled in this state that, when the trial court refuses upon request to instruct the jury to disregard such improper argument of counsel, an order of reversal should be entered.

Reversed and remanded.