(87 South. 527)

**STREET et al. v. BROWNING.** (7 Div. 73.)

(Supreme Court of Alabama. Dec. 16, 1920.)

1. Appeal and error ⬤⟾956(1)—Pleading ⬤⟾ 199—Permitting filing of demurrer after time prescribed is discretionary.

Though the defendant in a civil suit at law may plead to the merits at any time before a default is entered, a demurrer is not a plea to the merits, and whether defendant should be permitted to file a demurrer after the 30 days allowed for pleading or demurring by Act Sept. 28, 1915 (Gen. Acts 1915, p. 825), was in the trial judge's discretion, and his discretion was not revisable on appeal.

2. Appeal and error ⬤⟾1042(1)—Striking of demurrer not prejudicial, where some counts were good.

Defendant was not prejudiced by the striking of his demurrer, though one count of the complaint did not state a cause of action, where other counts were clearly sufficient and not subject to demurrer.

3. Evidence ⬤⟾473—Witness having knowledge may testify to party's good or bad credit as collective fact.

A witness may testify to a party's good or bad credit as a collective fact if it appears that he is qualified to do so by his knowledge of the subject.

4. Evidence ⬤⟾474(13)—Party may testify to his own credit, but predicate must be laid.

A party may testify to his own credit, but a proper predicate should be first laid by showing his knowledge thereof.

5. Attachment ⬤⟾338—Amount paid lawyers for defense of suit recoverable on bond.

The amount paid to lawyers for the defense of an attachment suit, when a reasonable sum for the services rendered, is recoverable on the attachment bond.

6. Attachment ⬤⟾331, 350—Failure to prosecute suit to effect is breach of bond, and prima facie imports absence of cause of action.

Where one of the conditions of an attachment bond was that plaintiff should prosecute his suit to effect, the failure to do so was a breach, and prima facie at least imported the absence of a just cause of action.

7. Attachment ⬤⟾350—Verdict and judgment for defendant on the merits authorizes recovery on bond.

The judgment entry, showing a verdict and judgment for defendant in attachment suit on the merits of the claim sought to be enforced, established a breach of the attachment bond, and authorized a recovery thereon.

8. Judgment ⬤⟾956(1)—Burden on party suing on attachment bond to show set-off barred by judgment in the attachment suit.

Where, in an attachment suit, there were pleas of the general issue, illegality of the contract, set-off, recoupment, and payment, the burden was on the former defendant, in a suit on the attachment bond in which the former plaintiff pleaded as a set-off claims growing out of the same transaction, but for different years and with different maturities, to show that the judgment in his favor in the attachment suit was based upon an issue involving a decision of fact rendering such set-offs invalid or unenforceable.

Appeal from Circuit Court, Clay County; Hugh D. Merrill, Judge.

---

⬤⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by J. W. Browning against J. C. Street, and others, for damages for breach of the condition of an attachment bond made by the defendant as a condition to the issuance and levy of the writ against J. W. Browning. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Riddle & Riddle, of Talladega, for appellants.

The complaint would not support the judgment. 113 Ala. 420, 21 South. 928; Neither of the counts were good as against the demurrer. 20 Ala. 527; 59 Ala. 203. Attorney's fees must be claimed especially to be recoverable. 13 Ala. 490, 48 Am. Dec. 59. Plaintiff could not testify that his credit was good. 69 Ala. 373, 44 Am. Rep. 519. Court erred in affirmatively instructing that defendant could not recover on his plea of set-off. 144 Ala. 343, 39 South. 74; 141 Ala. 258, 37 South. 395; 193 Ala. 120, 69 South. 508.

McKay & Crumpton, of Ashland, for appellee.

No brief reached the Reporter.

SOMERVILLE, J. [1] Although a defendant in a civil suit at law has a right to plead to the merits at any time before a default is entered against him (Craig & Co. v. Pierson Lumber Co., 179 Ala. 535, 60 South. 838), a demurrer to the complaint is not a plea to the merits (Black v. Smith Lumber Co., 179 Ala. 397, 60 South. 154); and the filing of a demurrer after the time prescribed by law is a privilege to be accorded or denied within the sound discretion of the trial judge, a discretion not revisable on appeal.

The summons in this case was served on the defendants on October 20, 1917, requiring him to plead or demur to the complaint within 30 days, as prescribed by the act of September 28, 1915 (Gen. Acts 1915, p. 825), which has superseded section 5346 and section 5347 of the Code; and the demurrer to the complaint was not filed until December 31, 1917. Hence the trial court cannot be put in error for striking the demurrer from the file on motion. This rule is impliedly recognized in Bufford v. Chambers, 148 Ala. 442, 42 South. 597.

[2] Conceding, without deciding, that count 1 of the complaint does not state a cause of action; other counts are clearly sufficient in that respect, and are not even subject to demurrer (McLane v. Tighe, 89 Ala. 411, 8 South. 70); so that defendant has not in fact been prejudiced by the striking of his demurrer.

[3, 4] A witness may testify to a party's good or bad credit as a collective fact, if it appears that he is qualified to do so by his knowledge of the subject. Pollock v. Gantt, 69 Ala. 373, 378, 44 Am. Rep. 519. And when a party testifies to his own credit, as he may undoubtedly do, a proper predicate should be first laid by showing his knowledge thereof.

The objections in this case were not addressed to the competency of plaintiff as a witness, but only to the illegality of his testimony, and were therefore overruled without error.

[5] It is fairly inferable from plaintiff's testimony that he paid out $50 to lawyers for the defense of the attachment suit, and it appears that that was a reasonable sum for the services rendered in that behalf. That item of damage was specially claimed in count 3, and was therefore recoverable.

[6, 7] One of the conditions in the bond sued on was that the plaintiff in attachment should prosecute his suit to effect. The failure to do so was therefore a breach, and prima facie at least imported the absence of a just cause of action. Savage v. Gunter, 32 Ala. 467, 469; McLane v. Tighe, 89 Ala. 411, 8 South. 70. The judgment entry in the attachment suit shows a verdict and judgment for the defendant in attachment on the merits of the claim sought to be enforced. This established the breach, and authorized a recovery therefor.

[8] There was evidence before the court which tended to establish defendant's pleas of set-off, numbered 5, 6, and 7. The trial judge, however, instructed the jury that they could not find for defendant under any one of those pleas—obviously upon the theory that the pleadings and judgment entry in the original attachment suit showed a res judicata against defendant with respect to the claims here urged in set-off. Had the judgment rendered in that case for the defendant in attachment been referable to a single distinct issue which would also be decisive against the existence or enforceability of the claims presented by defendant here by way of set-off, that judgment would defeat these pleas of set-off. But in the attachment suit there were pleas of general issue, illegality of contract because made on Sunday, set-off, recoupment, and payment. Though the attachment suit was for a claim growing out of the same transaction as did the set-off claims, yet they are distinct claims for different years, and with different maturities. If the general verdict in the attachment suit was founded, as it may well have been, on the plea of set-off, or recoupment, or payment, the judgment would be no bar to the set-off claims here presented.

In that state of the attachment suit record, the burden was on the present plaintiff to show that the former judgment, here pleaded by him, was based upon an issue involving a decision of fact which would render these set-off claims invalid or unenforceable. Dobson v. Hurley, 129 Ala. 380, 30 South. 598; 15 R. C. L. 980, § 454.

There is nothing in the bill of exceptions to show that such was the case, and hence we are bound to hold that the replication of res judicata to the several pleas of set-off was without support in the evidence, and that the trial judge erred in giving the affirmative instructions against defendant on those pleas.

For the error noted, the judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.