(107 So. 448)

**SMITH et al. v. GRAYSON, Circuit Judge.**
(I Div. 401.)

(Supreme Court of Alabama. Jan. 21, 1926.)

I. Trial ⊙11(3)—Where defendant fails to plead within statutory time after obtaining transfer to equity side, cause should be retransferred on plaintiff's motion (Code 1923, §§ 6490-6492).

Where action of ejectment was transferred on defendant's motion to equity side of docket, under Code 1923, § 6490, but defendant, without excuse for default or request for further time, failed to filed complaint setting forth equitable defense within 30 days, as required by section 6491, court could not dismiss action, but should have granted plaintiff's motion to retransfer cause to law side, under section 6492.

⊙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

## 2. Mandamus ⊕⟶42.

Mandamus lies to correct error in refusing to retransfer cause to law side of docket, under Code 1923, § 6492.

Original petition by Harry T. Smith and Thomas R. Foster for mandamus to Hon. Claude A. Grayson, as Judge of the Circuit Court of Mobile County. Mandamus awarded.

The prayer of the petition is that a rule nisi issue to respondent "to show cause why a writ of mandamus should not be issued requiring him to retransfer said cause to the law docket of said court, and that, upon the coming in of his answer, said rule nisi may be made absolute and the said judge of the circuit court may be mandamused to retransfer," etc.

The rule nisi commands and requires respondent "to show cause * * * why the writ of mandamus should not issue to him as in said petition prayed."

Harry T. Smith & Caffey, of Mobile, for petitioners.

Defendant in ejectment having failed, after transfer of the cause to the equity docket, to take any action within the time prescribed, the cause should have been retransferred to the law docket on motion of plaintiffs (petitioners). Cornelius v. Moore, 94 So. 57, 208 Ala. 237; Aust v. Sumter Farm & Stock Co., 96 So. 872, 209 Ala. 669. Mandamus is the proper remedy here. Ex parte L. & N. R. Co., 100 So. 843, 211 Ala. 531.

Gordon & Edington, of Mobile, for respondent.

The writ fails to give respondent the alternative right to act and should be quashed, Longshore v. State ex rel. Turner, 34 So. 684, 137 Ala. 636. Under a proper interpretation of the statute, the plaintiff should be required to amend his complaint after transfer of the cause to the equity docket, and defendant to present his defense. The case of Cornelius v. Moore, 94 So. 57, 208 Ala. 237, should be overruled. Code 1923, § 6491; Warren v. Crow, 81 So. 636, 202 Ala. 680; Code 1923, §§ 6486, 6487.

ANDERSON, C. J. [1, 2] The petitioners brought an action of ejectment in the circuit court against Frank Leslie, the defendant. The defendant then moved to have the cause transferred to the equity side of the docket under section 6490 of the Code of 1923 and which motion was granted over the objection of the plaintiffs. The defendant, having procured the transfer, became the actor or plaintiff on the equity side of the docket, and it was incumbent upon him under section 6491 to amend the pleading or file a complaint setting forth the equitable defense relied upon against the action of ejectment. Cornelius v. Moore, 94 So. 57, 208 Ala. 237; Aust v. Sumter Co., 96 So. 872, 209 Ala. 669. The statute requires that this be done within 30 days, and failing to do so, the case may be dismissed by the court. The right to dismiss, however, must necessarily apply to a defaulting defendant who procures the removal and does not mean that the court can dismiss the suit of a plaintiff who was not in default. Therefore section 6492 must apply to a case of this sort which provides for a retransfer of the cause when the movant is the defendant and fails to maintain or establish the question, right, or defense asserted by him. The defendant, having failed to file his complaint as required by law, failed to maintain his equitable right asserted in his motion, and the trial court should have granted the plaintiffs' motion to retransfer the cause to the law side of the docket. True, the statute gives the right to review this ruling upon an appeal from a final judgment, but as held in the case of Ex parte L. & N. R. R., 100 So. 843, 211 Ala. 531, such an appeal does not afford adequate relief, and mandamus will lie to correct the error.

We do not wish to be understood as holding that the statute requiring an amendment of the pleading within 30 days after the transfer is so mandatory as to deprive the trial court of some discretion in allowing further or additional time upon a proper showing or request, but here the answer offers no excuse for the default or delay and the record fails to disclose that further time was requested or granted. The transfer was made March 28th, and nothing whatever seems to have been done by the complainant up to and including the following 1st day of October, and we think that a failure of the trial court to grant the plaintiffs' motion for retransfer was, under the circumstances, in effect, an abuse of discretion.

The mandamus will be awarded directing a retransfer of the cause to the law side of the docket unless the trial court does so within a reasonable time.

The defendant made a motion to quash the writ of mandamus, relying upon the case of Longshore v. State, 34 So. 684, 137 Ala. 636. It is sufficient to say that the petition and writ in this case do not possess the defects as pointed out in said case, but conform to the ones held sufficient in the case of Board of Revenue of Montgomery County v. Southern Bell Tel. & Tel. Co., 76 So. 858, 200 Ala. 532.

Mandamus awarded.

SAYRE, GARDNER, and MILLER, JJ., concur.

---

⊕⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes