(129 So. 69)
Ex parte GREEN, Superintendent of Banks.
6 Div. 609.

Supreme Court of Alabama.
May 22, 1930.

As Modified on Denial of Rehearing.
June 19, 1930.

See, also, ante, p. 298, 129 So. 72, post, p. 484, 129 So. 92, post, p. 514, 129 So. 465.

H. L. Anderton, of Birmingham, for petitioner.

Horace C. Wilkinson and Wm. S. Pritchard, both of Birmingham, for respondent.

FOSTER, J.

The respondent in this court denies that this proceeding is appropriate to obtain the relief sought by the petitioner. This is upon the theory that an order of consolidation is discretionary and that when the court acts, mandamus will not review that action, nor direct the manner of exercising a discretionary power.

While an order of consolidation is said in some instances to be discretionary, it may always be reviewed if the facts do not justify it. It is when the facts do justify it, that the court may have a discretion in granting it. 1 Corpus Juris, 1123, 1124. But the abuse of a discretion may be reviewed by mandamus in a proper case. Ex parte U. S. Shipping Board, 215 Ala. 321, 110 So. 469; Brown v. Brown, 213 Ala. 339, 105 So. 171.

When an order of this nature is made, an appeal is not provided by law, though it may perhaps be assigned as error on appeal from the final judgment. But this right does not provide an adequate remedy, for apparent reasons. If the remedy is not otherwise adequate, mandamus will lie, when justice would require a review before the final hearing. All such questions have been fully considered by the court respecting motions to transfer causes from the law to the equity docket or vice versa. Ex parte Holzer, 219 Ala. 431, 122 So. 421; Smith v. Grayson, 214 Ala. 197, 107 So. 448; Ex parte L. & N. R. Co., 211 Ala. 531, 100 So. 843.

The same situation exists in respect to a review of orders for temporary alimony made pending a cause, when there is no remedy by appeal. Ex parte Watson (Ala. Sup.) 125 So. 669;[1] Brady v. Brady, 144 Ala. 414, 39 So. 237; Smith v. Smith, 218 Ala. 701, 120 So. 167, and under such other circumstances as shown in Ex parte U. S. Shipping Board, supra; Brown v. Brown, supra, and Ex parte Watters, 180 Ala. 523, 61 So. 904. There may be other illustrations of this right of review, but what we have said is sufficient to sustain it in this case.

On a consideration of the merits of the petition, we must bear in mind that both cases are in equity. We have no precedents in Alabama, in equity cases so far as we can find. There have been many equity cases which were consolidated in other states which maintain the distinction between law and equity as we do.

The object of consolidating two or more suits is to avoid a multiplicity of them, to guard against oppression and abuse, to save unnecessary cost and expense. 1 Corpus Juris, 1121. The procedure after consolidation, and the effect of such an order, should be considered as helpful in determining when such consolidation is justified. The proper procedure is stated as follows:

"While the rule seems to be otherwise with regard to the consolidation in code states of

---

[1] 220 Ala. 409.

418

different actions of an equitable nature, it is ordinarily held that the effect of consolidation of suits in equity is different from the effect of a consolidation at law, and amounts practically to no more than a trial of the different suits at the same time. The cases preserve their separate identity, and are to be determined exactly as if they were heard separately. The consolidation does not make the parties in one suit parties to the other, or change the issues in the respective cases, or alter the rights of the parties, which must still turn upon the pleadings, proof and proceedings in the respective cases. The consolidation may, however, render ineffectual objections which might otherwise have been made with regard to the separate suits or proceedings therein. It follows from the general effect of the consolidation that an appeal in one case will not necessarily bring up the others; but where by agreement the different suits are tried as one suit upon the same evidence, which is preserved in one common certificate of evidence, they may, although separate decrees were rendered, be reviewed in the same manner as one case.

"A consolidation in equity does not change the rules of equity pleading, or make the pleadings in one suit a part of the pleadings in the other. Each case must still be determined upon its own pleadings, and the consolidation does not render admissions of the pleadings ineffectual as applied to the particular cases in which they were made." 1 Corpus Juris, 1137.

The cases cited in the text sustain this summary of the proper procedure after consolidation in equity. Hatcher v. Royster, 14 Lea (82 Tenn.) 222; Mowry v. Davenport, 6 Lea (74 Tenn.) 80; Lofland v. Coward, 12 Heisk. (59 Tenn.) 546; Masson v. Anderson, 3 Baxt. (62 Tenn.) 290–298, 299; Holmes & Co. v. U. S. Fire Ins. Co. (C. C.) 142 F. 863, 866; Toledo, etc., R. Co. v. Continental Trust Co. (C. C. A.) 95 F. 497, 506, by the Federal Circuit Judge Lurton.

The consolidation therefore does not destroy the identity of the two suits.

█ The orders of consolidation in this case imply that thereafter there must be but one suit; that such consolidation makes one out of the two, and it was ordered that that one should be the suit filed by Smith et al., and that the suit filed by petitioner be treated and ordered to be an intervention in the former. We do not think the court may by an order make an original independent suit an intervention when such is not the relief sought by the complainant. The court may have the power to consolidate them, but consolidation and intervention must be distinguished. Petitioner was already a party to the former

suit, and need not intervene to become such. An "intervention" is a proceeding by one not theretofore a party.

"A consolidation in equity is ordinarily proper whenever the subject matter involved and relief demanded in the different suits make it expedient for the court, by hearing them together, properly to determine all the issues involved and adequately adjudicate the rights of the different parties." 1 Corpus Juris, 1128.

Such an order of consolidation has been held proper when the suits were by different judgment creditors seeking to subject the same property to their respective judgments, but their respective priorities created by the order in which the bills were filed were duly preserved. Monroe v. Lewald, 107 N. C. 655, 12 S. E. 287; Russell v. Chicago, etc., Bank, 139 Ill. 538, 29 N. E. 37, 17 L. R. A. 345; Sweeney Mfg. Co. v. Goldberg, 66 Ill. App. 568.

██ But when the suits cannot be heard and determined together, and they are essentially inconsistent with each other, the very essence of the occasion for consolidation is wanting. In this case Smith et al., as complainants, claim the right to maintain the suit in the interest and for the benefit of the bank, because they allege that the superintendent of banks declined to do so. Whereas the superintendent of banks claims the right by virtue of his official position and duty as the statutory receiver of the bank to maintain the suit. McDavid v. Bank of Bay Minette, 193 Ala. 341, 69 So. 452.

If Smith et al. have the right to continue the suit they have filed by reason of the alleged default of the superintendent of banks, the latter may not maintain his suit for the same purpose, and to the same extent. As a result, if the superintendent of banks can prosecute his suit to that extent, Smith et al. cannot continue with theirs. They cannot be prosecuted therefore concurrently to the extent that they both seek the same relief. It is only when the two suits may and should be heard and determined at the same time that consolidation is appropriate.

We conclude that the orders of consolidation were not sustained by what we conceive to be the proper principles which apply on this hearing, and were not authorized by the facts shown by the record. In the exercise of our duty to review them we direct that the writ of mandamus issue directing the vacation of such orders.

Writ awarded.

ANDERSON, C. J., and GARDNER, THOMAS, and BOULDIN, JJ., concur.