171 So. 892

Ex parte STATE ex rel. KING.

6 Div. 36.

Supreme Court of Alabama.

Jan. 7, 1937.

R. J. McClure, of Birmingham, for petitioner.

Chas. H. Bassett and Harvey M. Emerson, both of Birmingham, for respondent.

THOMAS, Justice.

The petition for mandamus is denied on the authority of Smith et al. v. Grayson, Circuit Judge, 214 Ala. 197, 107 So. 448; Ex parte Green, Superintendent of Banks, 221 Ala. 415, 129 So. 69.

It is to be noted that sections 6490–6492 of the Code were the subject of construction in Smith et al. v. Grayson, Circuit Judge, supra, and that section 6491 of the Code contains the words "in the discretion of the court." This was merely a recognition or statement of the original power of the court in the due conduct of pending

320

causes where no matter of substantive right is involved. The several sections of article 4 (Michie's Code)—section 6486 to section 6493—are to be construed in pari materia.

The object of statutory construction is to ascertain the legislative intent as disclosed by the whole act in relation to the subject of legislation, and the general objects intended to be accomplished. There is no universal rule by which directory provisions of the statute are distinguished from those that are mandatory. Alabama Pine Co. v. Merchants' & Farmers' Bank of Aliceville, 215 Ala. 66, 109 So. 358. And in determining whether a provision is directory or mandatory, the prime object is to ascertain the legislative intention disclosed by the statute in relation to the subject dealt with and the purpose to be conserved. Generally, those provisions which do not relate to the essence of the thing to be done, and as to which compliance is a matter of convenience rather than substance, are directory, while those which relate to the essence of the thing to be done are in the nature of substance, and mandatory. Board of Education of Jefferson County et al. v. State ex rel. Kuchins et al., 222 Ala. 70, 131 So. 239.

The statutes were applied in pari materia as to the right of assignment of errors and the judgment of transfer, and recognized, though not specifically authorized, by the original act. General Acts 1915, p. 830. When the statutes are considered as a whole, they are within the rule applied in Smith et al. v. Grayson, Circuit Judge, 214 Ala. 197, 107 So. 448.

This ruling is in accord with the analogy as to limitations in the statute touching the filing of pleas in abatement or in bar, or certain other pleadings, within 30 days (section 9486, Code); held within the sound discretion of the court as to permitting filing of pleas at a later date. Street et al. v. Browning, 205 Ala. 110, 87 So. 527; Buford v. Chambers et al., 148 Ala. 442, 42 So. 597; United States Fidelity & Guaranty Co. v. Yeilding Bros. Co. Department Stores et al., 225 Ala. 307, 143 So. 176; Royal Indemnity Co. v. Young & Vann Supply Co. et al., 225 Ala. 591, 144 So. 532; Dorrough v. Mackenson, 229 Ala. 336, 157 So. 257.

The writ is denied, and the petition for mandamus is dismissed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.