182 So. 459
**NATIONAL SUPPLY CO. v. SIMPSON.**
**6 Div. 356.**

Supreme Court of Alabama.
June 30, 1938.

Crampton Harris, of Birmingham, for appellant.

Lange, Simpson & Brantley and Jas. O. Haley, all of Birmingham, for appellee.

GARDNER, Justice.

The note here sued upon was executed by defendant to one Philabert, and after maturity duly transferred to plaintiff.

Defendant pleaded the general issue, setoff and recoupment. There were verdict and judgment for plaintiff, and defendant appeals.

The case had previously been tried in the intermediate civil court of Birmingham where plaintiff received a judgment, and the cause was appealed to the circuit court.

There was provision in the note for reasonable attorneys' fee. Upon examination of an attorney as to a reasonable fee, plaintiff, in reciting the history of the litigation, referred to the trial in the intermediate court where judgment was for plaintiff. Defendant objected to the statement as being highly improper and prejudicial, and requested a mistrial. Thereupon the court explained to the jury that the case was triable de novo, and as though it had never been tried, and that what was done in the lower court should have no influence whatever.

Defendant places much reliance upon Dupuy v. Wright, 7 Ala.App. 238, 60 So.

997. But that case on its facts presents no analogy to this, as a careful reading discloses.

Here the matter of judgment in the lower court was merely incidental to the history of the case in fixing a reasonable fee, and was followed by a fair and full admonition on the part of the trial judge. Harsh, McLean and Hardison v. Heflin, 76 Ala. 499. There is no merit in this assignment of error.

It was the May 4, 1934, settlement contract out of which the note sued on arose, and there was no error in admitting the contract in evidence. And as to the contract of 1933, there was no error in its admission in evidence, as defendant insisted Philabert was due it $70 on a note, and plaintiff, in rebuttal, testified that this note indebtedness was absorbed or settled in this contract of 1933.

Plaintiff also insists there had been a material alteration of the note after Philabert signed it. This matter of indebtedness was properly left for the jury's determination.

We have read with care each of the several letters written by defendant to Philabert beginning in January, 1935, and through to April 2, 1935, but we are unable to see that any of them throw any light upon the issues in this case, and conclude the court committed no error in sustaining objections to their introduction.

Upon the matter of conversion of the automobile, the evidence is in conflict. That for plaintiff tends to show Philabert assumed no dominion over the car, but made many efforts to return it, and finally succeeded in doing so, when he found Mr. Kerner of the defendant company. That for the defendant tended to show the contrary. This issue was also properly submitted for the jury's consideration.

Plaintiff, insisting that a question asked his witness on cross-examination was highly prejudicial, objected and moved for a mistrial, which motion was overruled. Of course, defendant cannot complain of an adverse ruling to plaintiff, and the mere fact that defendant at the time joined plaintiff in asking for a mistrial works no change in this respect.

So far as we are able to ascertain from this record, the case was fairly tried and submitted to the jury, and we find no error to reverse. Let the judgment stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.