8 So.2d 161

### AVERY v. KELLEY.

#### 6 Div. 994.

Supreme Court of Alabama.
May 14, 1942.

672

R. G. Kelton, of Oneonta, for appellant.

B. M. Bains, of Oneonta, for appellee.

FOSTER, Justice.

This is an appeal by plaintiff in an ejectment suit, wherein defendant disclaim-ed under Code of 1940, Title 7, section 942, with the suggestion that the dispute arises over a disputed boundary line. Issue was taken by plaintiff and there was a jury and verdict for defendant and a judgment establishing the true line as described in the disclaimer.

### Assignment of Error No. 1.

This is based on the judgment overruling the demurrer to defendant's disclaimers 2 and 3, which were with suggestion as indicated. Reliance is had on ground 8 of the demurrer which takes the point that the plea (disclaimer) came too late. The argument is that the disclaimers 2 and 3 were not filed "within pleading time," and since they were filed on the day of trial that there should have been alleged prior notice to the plaintiff or his attorney of record of his purpose to do so under section 942, supra.

There is no ground of the demurrer which goes to a failure to allege notice to plaintiff of his purpose to file the disclaimer. As we interpret this provision, such a disclaimer and suggestion may be filed in pleading time without condition, but if done after pleading time, and within thirty days before the case is called for trial, notice to plaintiff or his attorney must have been given before it is filed. A contention that there was a failure to allege the giving of notice is not presented by a ground of demurrer which merely charged that it was filed too late. If the claim is that it was not filed within such time as is required by law for that sort of pleading, it should be presented by a motion to strike it, and not by a demurrer to it,—Dupuy v. Wright, 7 Ala.App. 238, 60 So. 997; Street v. Browning, 205 Ala. 110, 87 So. 527; as when a plea is irrelevant or frivolous, Hill v. Hyde, 219 Ala. 155, 121 So. 510; Brooks v. Continental Ins. Co., 125 Ala. 615, 29 So. 13; Cunyus v. Guenther, 96 Ala. 564, 11 So. 649; 49 Corpus Juris 710, section 1004.

Again it is noted that disclaimer (or plea as labeled) No. 1 was filed within pleading time and it also alleged that the boundary line was in dispute and sought to have it located and established. This disclaimer did not sufficiently tender an issue as to whether a certain described line is the true line as is required under this statute, and there were demurrers to it and a motion to strike it, but they

were not acted on as shown by any judgment entry. This demurrer and motion were filed on the day of trial and on that day defendant filed disclaimers 2 and 3, which merely enlarged the averments of disclaimer No. 1, so as to tender the required issue. We do not think the statute means that, when an insufficient disclaimer and suggestion is filed in pleading time, a more adequate one being an amendment to the pleading may not be afterwards filed within thirty days before trial, or on the day of trial without having given the required notice necessary when no disclaimer has been theretofore filed, subject to the discretionary power of the court to prevent injustice.

There was no motion to strike disclaimer 2 or 3, and the demurrer to them on the ground argued here in brief is not well taken.

The motion of appellee to strike the bill of exceptions must be granted, since the judge did not sign or endorse his approval of it, but only acknowledged that it was tendered on a certain day, and even this was done more than ninety days after the motion for a new trial was acted on. So that those assignments of error which are based on it cannot be considered.

Assignments of Error 7 and 8.

These assignments relate to the refusal of a requested charge as to the burden of proof and to an exception to a portion of the oral charge also as to the burden of proof. We have repeatedly held that we cannot review such assignments unsupported by a bill of exceptions showing their relevancy. Battle v. Wright, 217 Ala. 354, 116 So. 349; Macertney v. Gwin, 218 Ala. 529, 119 So. 238; Levert v. State, 220 Ala. 425, 125 So. 664.

The only questions presented by the record which we can consider are based on the demurrer to disclaimers 2 and 3. And we have shown they are not subject to any ground of demurrer here insisted on in brief.

The motion to strike the bill of exceptions is granted and the judgment is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.