10 So.2d 284

### HARRIS et al. v. ELLER.

6 Div. 957.

Supreme Court of Alabama.

Oct. 8, 1942.

Rehearing Denied Nov. 12, 1942.

P. A. Nash, of Oneonta, for appellants.

R. G. Kelton, of Oneonta, for appellee.

LIVINGSTON, Justice.

Appellee, plaintiff in the court below, sued to recover possession of the following described land: "A part of the East half of the Northeast quarter, Section 14, Township 11, Range 2 East, beginning at the Northeast corner of the Northeast quarter of Northeast quarter of said section, thence West 220 yards to a stake, thence South 515 yards to stake in the North margin of the Walnut Grove and Blountsville Road. Thence East along the North margin of said road to a stake at the intersection of the cut-off road with the Blountsville and Walnut Grove Road. Thence in a northeasterly direction along the cut-off road to a stake in the margin of said road where the W. H. Coats land corners with this land. Thence North 121 yards to a stake at the Northwest corner of the barn. Thence East about 30 yards to stake on the east boundary of the Northeast quarter of the Northeast quarter of said section, thence North to the point of beginning, containing 25 acres more or less and being in Blount County, Alabama."

Demurrers to the complaint on the ground that the description of the land sued for was insufficient to support a judgment were overruled. There was no error in this ruling. See Hughes v. Allen

et al., 229 Ala. 467, 158 So. 307, 309; Klepac v. Fendley, 222 Ala. 417, 132 So. 619; Lessley v. Prater, 200 Ala. 43, 75 So. 355; Lewis v. Johnson, 206 Ala. 156, 89 So. 447; Ex parte Craig, ante, p. 66, 8 So.2d 441.

Defendant filed the following pleas:

"Now comes the defendant in the above styled cause and disclaims all the real estate described in the complaint, except the following, viz: A part of the E-½ of the NE-¼ of section 14, Township 11, Range 2 East, more particularly described as follows, to-wit: Beginning at the SE corner of the NE-¼ of the NE-¼ of said section 14, thence North 86 yards, thence West about 30 yards to the NW corner of barn, thence South 121 yards to stake on the NW side of a cut-off road, thence following said road in a SW direction to stake on North side of Walnut Grove and Blountsville Road, thence following said road in an easterly direction to within 20 feet of the East boundary line of said E-½ of NE-¼ of said section 14, thence North to the South boundary line of said NE-¼ of NE-¼ of said section 14, thence East 20 feet to point of beginning, and as to this exception the defendant pleads not guilty.

"(2) For further answer to the complaint, the said defendant suggests that the said defendant and those under whom he holds title to that portion of the land to which he has pleaded not guilty, have been in the quiet, peaceful, continuous, hostile possession for more than three years next before the commencement of this suit."

 An examination of the description of the lands set out in the plea discloses that said lands lie adjacent to the lands described in the complaint, but do not overlap any part thereof. In other words, the lands described in the plea are no part of the lands described in the complaint. The plea therefore is nothing more than a disclaimer of the lands sued for.

The plaintiff took issue on the plea. When a disclaimer is entered and the plaintiff takes issue, the sole issue is the defendant's possession vel non of the land sued for and nothing more. Wade v. Gilmer, 186 Ala. 524, 64 So. 611; Section 942, Title 7, Code of 1940.

All of the evidence is to the effect that defendants were in possession of a part of the lands sued for. In fact, in their testimony, defendants admit possession of a part of the land, and claim to own that part.

 But, as stated above, the sole issue raised by the pleading was the possession of the defendants. Possession being admitted, plaintiff was entitled to the affirmative charge; and any error intervening in the admission or rejection of evidence or charge to the jury was without injury.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.