18 So.2d 406

**COX v. COOK.**

I Div. 209.

Supreme Court of Alabama.

June 1, 1944.

Rehearing Denied June 22, 1944.

J. B. Blackburn, of Bay Minette, for appellant.

Beebe & Hall, of Bay Minette, for appellee.

THOMAS, Justice.

Suit in ejectment seeking the settlement of a disputed boundary line of land, by the pleading before us. The plea was not guilty and a suggestion of the true boundary as follows:

"Now comes the Defendant and suggests in writing that this suit arises over a disputed boundary line between the property of the Plaintiff and the Defendant. The Defendant alleges that the true location of the boundary line separating the property of the Plaintiff and the Defendant is a line running East and West six feet South of the South line of the following described tract of land situated in Baldwin County, Alabama, to-wit:

"Begin at the Northeast Corner of the Southeast Quarter of the Northwest Quarter of Section 15, Township 2 South Range 2 East, and run thence South along the East Line of the said property 1320 feet more or less to a point which is the Southeast Corner of the field of the Defendant, Albert Cox, thence due West and following the south fence line of the said field to a point on the East line of the public highway running through the said property, which point is the Southwest Corner of the Defendant's said field, thence continuing the said course west to a point on the West line of the East Half of the West Half of the said Section 15; thence due North 1320 feet more or less to the Northwest Corner of the said Southeast Quarter of the Northwest Quarter; thence East 1320 feet more or less to the place of beginning. * * *."

Plaintiff's replication was as follows:

"And now comes the Plaintiff and for answer to the Defendant's suggestion of Disputed Boundary says:

"1. That the true boundary line between the property of the Plaintiff and that of the Defendant is the half section line running East and West through Section 15, Township 2 South, Range 2 East in Baldwin County, Alabama. That is to say the line dividing the Southeast Quarter of the Northeast Quarter of Section 15, Township 2 South, Range 2 East in Baldwin County, Alabama, owned by the Defendant and the Northeast Quarter of the Southwest Quarter of Section 15, Township 2 South, Range 2 East in Baldwin County, Alabama, owned by the plaintiff."

The verdict of the jury set out below was for the plaintiff.

The motion for new trial states among other things that:

"The Court erred in giving the following charge at the request of the Plaintiff: 'I charge you Gentlemen of the jury that if you believe the evidence in his case you should find for the Plaintiff on her suggestion as to boundary Line.'

"7. The verdict of the jury which reads as follows: 'We the jury ascertain the true location of the boundary line to be as set out in Plaintiff's replication filed 2/26/43' is fatally defective in that it does not comply with provisions of Title 7, Section 942 of the 1940 Code of Alabama.

"The Jury's verdict in this case is fatally defective in that it does not locate the true line so that it can be marked by the Sheriff as provided by Title 7, Section 942 of the 1940 Code of Alabama."

The judgment on the motion for new trial of the date of July 23, 1943, was:

"* * * 'We the jury ascertain the true location of the boundary line to be as set out in Plaintiff's replication filed 2/26/43' and the same having been considered by the Court:

"It is ordered and adjudged by the court that the line dividing the southeast quarter of the northwest quarter of Section 15, Township 2 south of range 2 east, and the Northeast Quarter of the Southwest Quarter of Section 15, Township 2 South of Range 2 East in Baldwin County, Alabama, be and the same is hereby fixed as the true line, and the Sheriff of Baldwin County, Alabama, is ordered, with the aid of a skilled disinterested surveyor, and such assistants as may be needed, to establish and plainly mark the true line between the Southeast quarter of the Northwest quarter and the Northeast quarter of the Southwest quarter of Section 15, township 2 south of range 2 East, Baldwin County, Alabama, and report to the Court, when this order has been executed together with an itemized statement of his costs incurred, and whether or not the Defendant is in possession of any part of the said Northeast quarter of the Southwest quarter of Section 15, township 2 South of range 2 East."

The proceeding in this case was had under the provisions of Title 7, §§ 941 and 942, Code 1940. The effect of pleading the general issue is stated in Section 941 and is an "admission that the defendant is in possession of the premises sued for."

Section 942 provides that the defendant may disclaim possession of the premises sued for in whole or in part and upon such disclaimer the plaintiff may take judgment or may take issue; and if the issue be found for him, he is entitled to judgment. It is further provided that the defendant may file his suggestion in writing that the suit arises over a disputed boundary line, and "he shall describe the location of the true line and thereupon the plaintiff shall take issue, or shall reply in writing in which replication he shall set forth his contention as to the location of the true line, and the court or jury trying the issue shall ascertain the true location of the boundary line, and judgment shall be rendered accordingly, * * *."

The foregoing sections come to us from the former codes and the provisions of Section 3843 were added by the Recess Code Committee to the Code of 1907.

In Bailey v. Selden, 124 Ala. 403, 26 So. 909, 911, it was declared, that a disclaimer of "all right, interest or possession in the premises sued for at or since the commencement of the action," was tantamount to a plea denying possession.

In Pennington v. Mixon, 199 Ala. 74, 74 So. 238, the holding was that the disclaimer was an admission of plaintiff's title; with denial of defendant's possession.

In Smith v. Eudy, 216 Ala. 113, 112 So. 640, it was held that "Plaintiff, * * * by taking issue on defendant's whole plea which disclaimed title to part of lands, * * * assumed burden of

showing that defendants, at time of filing suit were in possession of land covered by disclaimer, and that plaintiff had legal title."

■ The joining of a plea of not guilty and a disclaimer are incompatible defenses, and may not be pleaded by the same defendant as to the same lands, but a defendant may disclaim as to a part of the land sued for and plead not guilty as to the other. Smith v. Eudy, supra.

■ Many decisions are to the effect that, "It is mandatory upon the defendant in actions of ejectment, when it is sought to have a disputed boundary line determined, to describe in his 'suggestion' to the court the location of the true line, in order for it to be sufficient against an apt ground of demurrer." Sloss-Sheffield Steel & Iron Co. v. Coosa Land Co., 231 Ala. 134, 135, 163 So. 898; Smith v. Cook, 220 Ala. 338, 124 So. 898; Smith v. Bachus, 195 Ala. 8, 70 So. 261.

The case of Forrester v. McFry, 229 Ala. 324, 157 So. 68, is to the effect that defendant filing disclaimer and written suggestion, should "definitely describe by landmarks, monuments, courses, and distances what he asserts to be the true line."

In Pounders v. Nix, 222 Ala. 27, 130 So. 537, the decision was that "notwithstanding rule that section lines established by government survey cannot be altered," the location of the section line must be determined on evidence. Later cases touching the disclaimer of possession are: Harris v. Eller, 243 Ala. 415, 416, 10 So.2d 284; Avery v. Kelley, 242 Ala. 671, 8 So.2d 161.

■ It is apparent that defendant's suggestion does not involve the title, but the boundary line, of the parties. Pennington v. Mixon, supra. The several grounds of demurrer to defendant's plea or suggestion were inapt and properly overruled. The trial was had on the amended disclaimer of the defendant and the replication thereto by the plaintiff.

■ We are at the conclusion that the trial court erred in disallowing to defendant proof of adverse possession and in giving for plaintiff the affirmative charge.

For the error indicated the judgment is reversed.

Reversed and remanded.

GARDNER, C. J., and BROWN, FOSTER, LIVINGSTON, and STAKELY, JJ., concur.