**BETHLEHEM SHIPBUILDING CORPORATION, Limited, et al. v. NATIONAL LABOR RELATIONS BOARD.**

**GENERAL BODY OF EMPLOYEES' REPRESENTATIVES UNDER PLAN OF EMPLOYEES' REPRESENTATION AT FORE RIVER YARD OF BETHLEHEM STEEL CO. v. SAME.**

Nos. 3437, 3467.

Circuit Court of Appeals, First Circuit.

June 3, 1941.

John L. Hall and Claude R. Branch, both of Boston, Mass., for Bethlehem Shipbuilding Corp., Limited et al.

Norman F. Edmonds and Bernard J. Donoghue, both of Washington, D. C., for the Board.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

### PER CURIAM.

On October 8, 1940, this court issued a decree enforcing an order of the National Labor Relations Board in the above entitled cause, 114 F.2d 930. Subsequently, the Board petitioned for an order requiring the company and certain designated officers and agents thereof to appear and show cause why they should not be adjudged in contempt of our decree. Citations issued, and the various respondents duly appeared and filed a joint answer. By order of this court a hearing on the petition and answer has been set for June 9, 1941, before the full court.

The present motion by the Board asks two things: (1) It moves that the court issue an order and subpoenas requiring the Independent Union of Fore River Workers, its officers and agents, and in particular John E. Dennehy and Charles B. Ferris, secretary and treasurer respectively thereof, to produce at a designated time and place for the purpose of pre-trial discovery, inspection, copying or photographing, certain described books, records and documents of the said union which are alleged, on information and belief, to contain "evidence relevant and material to the alleged reorganization and continued existence of the Plan of Employees' Representation at the Fore River Plant of the Bethlehem Steel Company (which organization was ordered disestablished under the enforcement decree of this court dated October 8, 1940) under the name of the Independent or to the formation and the continued existence of the Independent as the alleged successor of the above referred to Plan of Employees' Representation". (2) It moves that the court issue an order and subpoenas requiring certain named individuals, all of whom are officers or members of the Board of Delegates of the Independent and all of whom are employees of the Bethlehem Steel Company at its Fore River Plant, to appear at a designated time and place for pre-trial oral examination by counsel for the parties regarding any relevant matter, not privileged, for the purpose of discovery.

In effect, we are asked by the Board to grant it the privilege of pre-trial discovery of the sort which has now become common and familiar usage in the district courts under the provisions of Rule 26 and Rule 45, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Although these rules of their own force do not apply to the circuit courts of appeals, we do not doubt that we have power under § 262 of the Judicial Code, 28 U.S.C.A. § 377, in an original contempt proceeding pending before us in which it becomes necessary for us to sit as a trier of controverted facts, to issue subpoenas ad testificandum and subpoenas duces tecum for purposes of pre-trial discovery. Such writs which are appropriate to the exercise of the jurisdiction of the district courts, and now accepted usage therein as provided in Rules 26 and 45, F.R.C.P., may, by analogy, be equally appropriate to the exercise of the jurisdiction of a circuit court of appeals in a proceeding like the one now pending before us.

However, in view of the nearness of the date of the hearing scheduled before us, and further, in view of the fact that the issues in the pending proceeding do not appear to be particularly complicated or extensive, we do not feel that pre-trial discovery is necessary to a prompt and satisfactory trial of the issues; and therefore, as a matter of discretion, we deny the pending motion in the terms requested. In lieu thereof, the clerk will be directed, by appropriate order, to issue out of this court subpoenas duces tecum directed to the persons named in the motion, ordering them to produce at the hearing before this court on June 9, 1941, the books, records and documents enumerated in the motion, and further to issue out of this court subpoenas ad testificandum directed to the individuals named in the motion, requiring them to attend and give testimony on relevant matters at the aforesaid hearing before this court.