### A. F. WAGNER IRON WORKS et al. v. UNITED STATES.

No. 49253.

United States Court of Claims.

May 1, 1950.

Brooke Tibbs, Milwaukee, Wis., Tibbs & Tibbs, Milwaukee, Wis., on the brief, for plaintiffs.

Kendall M. Barnes, Washington, D. C., H. G. Morison, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and HOWELL, WHITAKER, LITTLETON, and JONES, Judges.

HOWELL, Judge.

The plaintiffs have moved to strike paragraph 9 of defendant's counterclaim and dismiss that part of the counterclaim which alleges damages in the principal sum of $124,588.37, requesting summary judgment in favor of the plaintiffs with respect thereto and, in the alternative, to limit the scope of paragraph 9 of the counterclaim and proofs thereunder to damages, if any, sustained during the period from May 18, 1948, through June 1, 1948, and to the amount of $1,000, and to damages sustained from

failure to sell Lots 1 to 34, inclusive, of steel located at War Assets Administration warehouse No. 9 in Milwaukee, Wisconsin.

We summarize the allegations of the petition. It alleges that in 1946 agreement was made between the War Assets Administration, an agency of the United States, and plaintiffs, for the former to sell and plaintiffs to buy 5,000 tons of certain steel at $35.00 per ton. It is alleged that defendant breached the contract but made another agreement to furnish 5,000 tons of substitute steel to plaintiffs and delivered 1,500 tons under such agreement, refusing to deliver the balance of 3,500 tons and that it did deliver certain defective steel and made certain overcharges. The plaintiffs refused to pay, claiming damages against defendant for breach of contract.

On May 18, 1948, plaintiffs brought an action against defendant in the District Court of the United States for the Northern District of Illinois, Eastern Division, seeking relief for such alleged breach of contract. Incidental to such action, such District Court entered a temporary restraining order, pending hearing, against disposition of certain steel described as "Lots numbered 1 to 34, inclusive, of steel located at War Assets Administration warehouse No. 9, 4300 North Port Washington Road, Milwaukee, Wisconsin." This description was steel other than the original steel and the substitute steel agreed to be delivered in 1946. Pursuant thereto and as condition to entry of such restraining order, plaintiffs filed a $1,000 surety bond conditioned to pay all damages to defendant in case the restraining order should be dissolved.

The temporary restraining order was ordered vacated on May 24, 1948, on the ground the court lacked jurisdiction of the cause. On agreement of the parties the order was extended to June 1, 1948. On May 25, 1948, plaintiffs took an appeal to the United States Court of Appeals for the Seventh Circuit from said order vacating the temporary restraining order and denying plaintiffs' motion for preliminary injunction. On May 28, 1948, the Court of Appeals affirmed the judgment of the District Court. Certiorari was denied by the Supreme Court on June 27, 1949. A. F. Wagner Iron Works v. War Assets Administration, 337 U.S. 956, 69 S.Ct. 1526. On July 22, 1949, plaintiffs brought the instant action in the Court of Claims. On September 28, 1949, pursuant to leave of court, defendant filed its counterclaim against plaintiffs. Defendant seeks to recover a balance alleged due on seven contracts between the parties for sale and purchase of steel in 1946. The plaintiffs filed their replication to this counterclaim on November 7, 1949, pursuant to Rule 22 of the court. 28 U.S.C.A. On December 19, 1949, without withdrawing their replication, and without securing leave of court, the motion to strike paragraph 9 of the counterclaim was filed.

The claim by defendant which is here in issue, being the subject of the motion, is distinct in nature from the above-mentioned 1946 claims. That portion of the counterclaim for $124,588.37, in paragraph 9 thereof, is based upon plaintiffs' alleged liability for loss to defendant for having "refrained from selling" certain steel during the period of May 18, 1948, to July 14, 1949, when defendant re-offered it for sale following the Supreme Court's denial of certiorari on June 27, 1949. The steel is described as "39 lots of steel which had been offered for public sale under Sales Program MP–1020." The period of retention is described as "the pendency of that action," such being that instituted by plaintiffs in the District Court. The steel described was not the steel which was the subject of the 1946 contracts. Such claim for damages for nonsale of steel was first asserted in defendant's counterclaim. For convenience, paragraph 9 of the counterclaim is set out here in full: "9. On or about May 18, 1948, plaintiffs instituted an action in the United States District Court for the Northern District of Illinois, Eastern Division, entitled 'A. F. Wagner Iron Works et al. v. War Assets Administration et al.,' being No. 48C702. In said action plaintiffs sought an injunction to prevent the sale of 39 lots of steel which had been offered for public sale under Sales Program MP–1020. The highest bids received for these lots totalled $128,801.74.

However, during the pendency of that action War Assets Administration refrained from selling such steel, and re-offered it for sale on July 14, 1949, under Sales Program CGX–OL–1780, following the entry on June 27, 1949, of the Supreme Court's order denying plaintiffs' petition for certiorari. The highest bids received for said steel at such sale totalled $26,020.90, or a loss of $102,780.84. The cost of storage, protection, etc., for said steel during the intervening period was $21,361.44, and the expense of resale was $446.09. The aggregate of these charges, or $124,588.37, is justly due and owing from plaintiffs to defendant."

The plaintiffs advance three propositions to support their motion to dismiss paragraph 9 of the counterclaim, as follows: (1) It states no cause of action. (2) The Court ordering an injunction is the proper tribunal to determine damages, if any, recoverable from the injunction. (3) Paragraph 9 of the counterclaim is insufficient in law because its allegations of damages relate to a period of time and to articles of goods different from the time and goods referred to in the restraining order.

Defendant, in addition to a refutation of plaintiffs' arguments, contends further that plaintiffs' motion should be dismissed as (1) having been filed out of time, and (2) having been filed after a contrary election as to pleadings had been made. Defendant argues, also, that the motion must be decided on the basis of the allegations of the counterclaim, not the replication.

We will consider first the procedural questions raised by defendant. Rule 22 of the court provides: "Within 40 days after the filing of a set-off or counterclaim by the defendant the plaintiff or his attorney shall answer the same by replication under oath, unless the court extends the time."

■ The plaintiffs, as before indicated, filed a timely replication. Question arises as to the status of the pending motion which was filed December 19, 1949, 81 days after the counterclaim was filed. The motion was filed without leave of court and without a withdrawal of the replication. We have no rule providing for such a motion under these circumstances. While

the rules are not specific upon the subject it has been our practice to allow a plaintiff to make the same motions directed to a counterclaim that defendant may make to a petition. This is covered by Rule 19, which provides: "The defendant shall file a printed demurrer, plea, or answer within 40 days after the filing of any petition, unless the court, for cause shown, extends the time."

■ No other pleading is allowed under our practice, without leave of court, and this is compatible also with the Federal Rules of Civil Procedure, Rule 7(a), 28 U.S.C.A. which however, allows motions of the character here in question if made before the single, responsive pleading otherwise required. Rule 12, 28 U.S.C.A. Wise though these provisions are, we are not bound by them for we have our own rule-making power to the extent that our rules shall not be inconsistent with Acts of Congress and rules of practice and procedure prescribed by the Supreme Court, 28 U.S.C.A. § 2071.

■ By allowing plaintiffs to defend themselves against a counterclaim by resorting to any of the three devices outlined in Rule 19, their rights are well protected. Plaintiffs elected to file an answer or a replication which pleads to the merits. Plaintiffs did so in time. They did not in time file the pending motion which is neither a demurrer nor plea. A demurrer admits for the purposes of the motion all allegations of fact in the pleading to which it is directed and argues that they are insufficient in law to constitute a cause of action or defense. A plea is normally understood to raise reasons why a suit should be dismissed or barred. Neither demurrer nor plea puts in issue the merits of the controversy. Plaintiffs elected to answer with a replication pleading to the merits. They are bound by their election. We cannot on this motion enter into a decision upon the allegations of the replication. Jardine Mining Co. v. United States, Ct.Cl., 88 F. Supp. 265. These interesting questions we will confront after the matter has come on for trial before the Commissioner and he has filed his report. We conclude further that we would not be justified in deciding

these matters merely on the basis of allegations in the petition. Plaintiffs' motion to dismiss paragraph 9 of defendant's counterclaim is denied *in toto* without prejudice.

JONES, Chief Judge, and MADDEN, WHITAKER, and LITTLETON, Judges, concur.