### WESTERN AIR LINES, Inc. v. CIVIL AERONAUTICS BOARD.

No. 12867.

United States Court of Appeals
Ninth Circuit.

May 25, 1951.

Guthrie, Darling & Shattuck, Los Angeles, Cal., for petitioner.

Emory T. Nunneley, Jr., Gen. Counsel, Civil Aeronautics Board, Warren L. Sharfman, Atty., Civil Aeronautics Board, J. Roger Wollenberg, Atty., Dept of Justice, Washington, D. C., for respondent Civil Aeronautics Board.

John E. Lynch, San Francisco, Cal., Edward J. Hickey, Jr., Richard J. Flynn, Washington, D. C. (Mulholland, Robie & Hickey, Washington, D. C., of counsel), for respondent Brotherhood of Ry. & S. S. Clerks, etc.

Before BONE, ORR and POPE, Circuit Judges.

POPE, Circuit Judge.

On April 23, 1951, this court made an order upon the motion of the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees, for leave to intervene herein. In that order the court noted that the Brotherhood was permitted to intervene and become a party to the proceedings before the Board, and found that the Brotherhood is a party and is entitled to be heard in this court upon the pending petition for a review of the Board's proceedings. Accordingly, the motion for leave to intervene was denied as unnecessary.

It has now been suggested that although neither the petitioner nor the Board has interposed any objection to the Brotherhood being heard in this court, or in these proceedings, yet the Board is fearful lest the form in which the court's order was made should be taken to establish as a rule of procedure that anyone permitted to intervene in a similar proceeding before the Board, would by virtue of that fact necessarily be entitled to recognition as a party to any proceeding to review an order issued by the Board, and even be deemed entitled to petition for review.

Necessarily the court's previous order had reference solely to the facts of this par-

---

ticular matter in which it was apparent that the Brotherhood had a substantial interest in the order here under review. The order of this court was made in the light of that fact and was not intended to establish a rule of practice or procedure in subsequent matters in this court.

We think that the suggestion that it would have been better to grant the Brotherhood's motion to intervene involves a mere question of appropriate nomenclature. Ordinarily intervention in a proceeding is sought only by one who has not theretofore been a party. "An 'intervention' is a proceeding by one not theretofore a party." Ex parte Green, 221 Ala. 415, 129 So. 69, 71. For this reason intervention in an appellate court is inappropriate. Wenborne-Karpen Dryer Co. v. Cutler Dry Kiln Co., 2 Cir., 292 F. 861; The William Bagaley, 5 Wall. 377, 411–412, 18 L.Ed. 583.

Because the proceedings before us are limited to a review of the action of the Board, we would consider it inappropriate to permit one who had not been a party to the proceeding before the Board to intervene here for the first time and to make arguments or press points which it had not previously presented to the Board. Cf. Willapoint Oysters v. Ewing, 9 Cir., 174 F.2d 676, 692.

Of course it would be in order for the Brotherhood to make application for leave to file a brief or otherwise be heard as amicus curiae. But we understand that the Brotherhood seeks more than that. What it desires is to be recognized as a party to these review proceedings. Under the provisions of Title 5 U.S.C.A. § 1009 (e), the court is charged with reviewing such portions of the record "as may be cited by any party". The Brotherhood seeks to be recognized as such a party.

Title 5 § 1001(b), after defining a "party" to an administrative proceeding, provides "but nothing herein shall be construed to prevent an agency from admitting any person or agency as a party for limited purposes." Our attention has now been called to the fact that the Civil Aeronautics Board has done just that by their Rules of Practice § 302.6(b) (3), which provides that: "Interventions provided in this section are

for administrative purposes, and no decision to grant leave to intervene shall be deemed to constitute a finding or determination that the intervening party has such a substantial interest in the order that is to be entered in that proceeding as will entitle it to demand court review of such order."

The court considers the petition for "intervention", so called, to be in substance a petition on the part of the Brotherhood to be recognized as a party entitled to be heard in this proceeding. Because it appears to the court that the Brotherhood was admitted as a party to the proceedings before the Board and presented its claims there, that the Brotherhood has a substantial interest in the proceeding, and that it is entitled to be heard herein, the Brotherhood will be so recognized.