199 F.2d 270
 DARGEL et al.
v.
HENDERSON, Director of Rent Stabilization.
 No. 611.
 United States Emergency Court of Appeals.
 Submitted September 29, 1952.
 Filed October 10, 1952.
 
 Freeman, Liebling & Barrett, Chicago, Ill., and Rex K. Nelson, Washington, D. C., for the complainants.
 Ed Dupree, Gen. Counsel, and Charles P. Liff, Chief of Appeals Section, Office of Rent Stabilization, Washington, D. C., for the respondent.
 George L. Turner, Chicago, Ill., for Harold H. Elfenbein, landlord.
 Before MARIS, Chief Judge, and MAGRUDER, McALLISTER, LINDLEY and LAWS, Judges.
 MARIS, Chief Judge.
 
 
 1
 In this case a complaint has been filed by five tenants who occupy housing accommodations owned by Harold H. Elfenbein and located in the Chicago Defense Rental Area. They seek to have certain eviction certificates issued by the Area Rent Director of the Chicago Defense Rental Area set aside by this court. These certificates were issued upon petition of their landlord, Harold H. Elfenbein, and a protest against the issuance of the certificates filed by the complainants was denied by the Director of Rent Stabilization. The certificates, which were apparently issued under Section 191 of Rent Regulation 1,[1] opened the way for the landlord to recover possession of his housing accommodations from these complainants by recourse to the courts of Illinois, if necessary. The Director of Rent Stabilization, the respondent named in the complaint, has filed a suggestion in this court that the landlord be joined as a party respondent in the proceeding. The landlord has answered the suggestion by joining in it and requesting that he be joined as a party. No objection to his joinder has been made by the complainants.
 
 
 2
 In the case of a protest filed under Section 407(a) of the Defense Production Act of 1950, as amended by the Defense Production Act Amendments of 1952, 50 U.S. C.A.Appendix, § 2107(a), against a regulation or order of general applicability relating to rent controls under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, § 1881 et seq., the protestant is the only party to the protest proceeding before the Director of Rent Stabilization. In such a proceeding the Director, acting in the public interest, represents and protects those members of the general public whose interests might be adversely affected if the protest were granted. Orders of individual applicability, such as the eviction certificates involved in this case, present a different situation, however. For such a certificate bears immediately and directly upon the legal relationship between one landlord and one tenant. While the issuance of an eviction certificate may affect the public interest in a broad sense, it is of such immediate and direct concern to the landlord and tenant particularly involved that the Director of Rent Stabilization has recognized that both of them should be parties to the proceeding in which the Area Rent Director decides whether it should be granted.
 
 
 3
 Accordingly in Rent Procedural Regulation 3,[2] it is provided that in the case of a landlord's petition or a tenant's application for adjustment or other relief, including a petition for a certificate relating to eviction, the proceeding before the Area Rent Director shall be an inter partes one between the landlord and tenant in which objections to the petition or application may be filed by the other party together with supporting evidence and a brief, to be followed by rebuttal by the petitioner or applicant.[3] Moreover it is provided that in the case of a protest against an order issued by an Area Rent Director in such an individual adjustment or eviction proceeding the party in whose favor the order was issued shall be a party respondent to the protest proceeding with similar rights to file a response to the protest, a brief in support thereof and, if leave is given, additional evidence in further support of his response.[4]
 
 
 4
 It appears that in the case now before us the proceedings before the Area Rent Director and upon protest before the Director of Rent Stabilization followed this inter partes course. In the protest proceeding the landlord was successful, the Director having denied the protests filed by the tenants, the complainants here, against the eviction certificates which the Area Rent Director had issued upon petition of the landlord. The landlord accordingly has a direct personal interest in the outcome of the present proceeding in this court. For if we should, as the complainants request, set aside the eviction certificates which the landlord has secured he will be prevented from exercising such rights as he may have and as he would otherwise be free to exercise to terminate the relationship of landlord and tenant between himself and the complainants and to evict them from his housing accommodations.
 
 
 5
 It is obvious, therefore, that a determination by this court in favor of the complainants may substantially and adversely affect the rights of the landlord. We conclude that while the landlord certainly is not an indispensable party, since his interests would be represented by the respondent, he undoubtedly is a proper party respondent in this court.[5] Moreover we think that his joinder as a party respondent is in the interest of justice. Under Federal Civil Procedure Rules 21 and 24, 28 U.S.C.A., which are in force in this court by virtue of our Rule 9(a), 50 U.S.C.A.Appendix, following section 924, we have authority in our discretion to add a party to a proceeding in this court when justice so requires.
 
 
 6
 We will accordingly enter an order adding Harold H. Elfenbein as a party respondent in this proceeding. Under that order he will be entitled to file an answer to the complaint within fifteen days after service of the order or to join in the answer filed by the Director of Rent Stabilization, to file a brief in answer to the complainants' brief within twenty days after service thereof on him and to participate in oral argument at the hearing of the case.
 
 
 
 Notes:
 
 
 [1]
 16 F.R. 12889
 
 
 [2]
 Issued July 1, 1952, 17 F.R. 6091. Similar provision was made in Rent Procedural Regulation 2, issued November 21, 1951, 16 F.R. 11923
 
 
 [3]
 Rent Procedural Regulation 3, §§ 4, 5, 17 F.R. 6092; Rent Procedural Regulation 2, §§ 4, 5, 16 F.R. 11924
 
 
 [4]
 Rent Procedural Regulation 3, §§ 27, 33, 17 F.R. 6095
 
 
 [5]
 Compare Western Air Lines v. Civil Aeronautics Board, 9 Cir., 1951, 190 F. 2d 340