205 F.2d 573
 LOUDERMILK et al.
v.
SHERRARD, Director of Rent Stabilization and Housing Authority.
 No. 648.
 United States Emergency Court of Appeals.
 Submitted June 25, 1953.
 Decided July 2, 1953.
 
 H. Clifton Owens and Edward A. Smith, Baltimore, Md., for complainants.
 Robert A. Sauer, Acting General Counsel, and Charles P. Liff, Director of Appeals Branch, Office of Rent Stabilization, Washington, D. C., for respondent, Glenwood J. Sherrard, Director of Rent Stabilization.
 Eugene M. Feinblatt, Evan A. Chriss and Robert L. Sullivan, Jr., Baltimore, Md., for respondent, Housing Authority of Baltimore City.
 Before MARIS, Chief Judge, and MAGRUDER, McALLISTER, and LINDLEY, JJ.
 MARIS, Chief Judge.
 
 
 1
 The complaint filed in this case discloses that the complainants are residents of Armistead Gardens, a housing development in the City of Baltimore, Maryland, owned by the Public Housing Administration and operated under lease by respondent Housing Authority of Baltimore City. The complainants aver that they are a committee representing a large number of the residents of Armistead Gardens.
 
 
 2
 On March 28, 1952 the area Rent Director ordered certain increases in the rents of the housing accommodations at Armistead Gardens. Subsequently the complainants appealed to the Baltimore Rent Advisory Board which after hearing recommended to the Area Rent Director that he revoke the rent increases ordered on March 28, 1952. This the Area Rent Director did by order issued July 10, 1952. Thereupon respondent Housing Authority of Baltimore City filed a protest with the Director of Rent Stabilization. This protest was sustained by the Director of Rent Stabilization on April 15, 1953. The effect of the order sustaining the protest was to revoke the order of the Area Rent Director of July 10, 1952 which reduced the complainants' rents and to reinstate the order of March 28, 1952 which increased the rents. It is to set aside the order of April 15, 1953 and to restrain the enforcement of the order of March 28, 1952 that the present complaint was filed.
 
 
 3
 The respondents contend that the complainants have no standing to file their complaint in this court because they are not persons aggrieved by the denial of a protest filed by themselves. We think that the respondents are right in this contention and that the complaint must be dismissed. As we have frequently pointed out our jurisdiction is purely statutory. Sections 407(a) and 408(a) of the Defense Production Act of 1950, as amended, 50 U.S.C.A.Appendix, §§ 2107(a), 2108(a), have been continued in force with respect to rent regulations and orders by Section 7 of the Housing and Rent Act of 1953, 50 U.S.C.A.Appendix, § 1894(r).[1]
 
 Section 407(a) of the Act provides:
 
 4
 "(a) At any time within six months after the effective date of any regulation or order relating to price controls under this title or rent controls under the Housing and Rent Act of 1947, as amended, or, in the case of new grounds arising after the effective date of any such regulation or order, within six months after such new grounds arise, any person subject to any provision of such regulation or order may, in accordance with regulations to be prescribed by the President, file a protest specifically setting forth objections to any such provision and affidavits or other written evidence in support of such objections. * * *"
 
 Section 408(a) provides:
 
 5
 "(a) Any person who is aggrieved by the denial or partial denial of his protest may, within thirty days after such denial, file a complaint with the Emergency Court of Appeals specifying his objections and praying that the regulation or order protested be enjoined or set aside in whole or in part. * * *"
 
 
 6
 The foregoing statutory language makes it perfectly clear that any person subject to an order relating to rent controls under the Housing and Rent Act may protest the order and if he is aggrieved by the denial of his protest may file a complaint in this court seeking to have the protested order enjoined or set aside. It is equally clear from the plain language of the statute that only a person who has been aggrieved by the denial of his protest is authorized to file such a complaint in this court and that the purpose of the complaint must be to secure action by the court enjoining or setting aside the order with respect to which his protest has been denied.
 
 
 7
 The complainants in the present case did not file a protest, however, since they were satisfied with the final order of the Area Rent Director. They, therefore, are not persons aggrieved by the denial of their protest. While they are undoubtedly aggrieved by the granting of respondent Housing Authority of Baltimore City's protest against the order which they sought and obtained from the Area Rent Director this fact alone does not give them standing under the statute to invoke the jurisdiction of this court.
 
 
 8
 It is true, as the complainants point out, that both they and their landlord were parties to the proceedings both before the Area Rent Director, the Baltimore Rent Advisory Board and the Director of Rent Stabilization.[2] It might, therefore, have been logical and appropriate for Congress to have authorized them to invoke the jurisdiction of this court. The fact is, however, that Congress has not done so. We cannot assume jurisdiction which Congress has not given us.
 
 
 9
 The complainants suggest that if this court does not have jurisdiction of their complaint under Section 408(a) of the Defense Production Act it nonetheless has power to entertain it under Section 204(e) (4) of the Housing and Rent Act of 1947, as amended. That is the section which confers upon this court jurisdiction to approve or disapprove certain recommendations of local rent advisory boards. The argument of the complainants is that the effect of the denial of the protest is to disapprove the recommendation of the Baltimore Rent Advisory Board upon the basis of which the Area Rent Director's protested order of July 10, 1952 was issued and that this court has jurisdiction to review that disapproval. We do not agree.
 
 
 10
 The recommendations of local rent advisory boards with respect to which this court has jurisdiction under Section 204(e) (4) are only those described in paragraphs (A) and (B) of Section 204(e) (1), namely, recommendations with respect to decontrol or general adjustments in maximum rents in the defense rental area, or any portion thereof, over which the local board has jurisdiction, or with respect to any class of housing accommodations within such area or any portion thereof. Recommendations with respect to the individual adjustment of maximum rents, the type comprehended in paragraph (C) of Section 204(e) (1), are not reviewable by this court under the Act. The recommendation involved in this case related to individual rent adjustments rather than a general adjustment of the rent level in the defense rental area or a portion thereof. It accordingly does not provide a basis for jurisdiction.
 
 
 11
 The dismissal of the present complaint will not leave the complainants without remedy, however. For the order of the Director of Rent Stabilization granting the protest of respondent Housing Authority of Baltimore City is itself an order relating to rent controls under the Housing and Rent Act of 1947, as amended, which is protestable under Section 407(a) of the Defense Production Act. Accordingly if such protest is filed and denied, a complaint may be filed by the aggrieved protestants in this court under Section 408(a) of the Act.[3]
 
 
 12
 The complainants urge that the filing of such a protest by them would be time-consuming and useless. Time-consuming it might be, but certainly not useless if it enables the complainants to secure the judicial review which is presently denied to them. Moreover such a protest would be in effect a petition for reconsideration of the Director's action in granting the protest filed by respondent Housing Authority of Baltimore City. If he should sustain the complainants' protest they would have no need for judicial review since this would mean that the prior action sustaining the protest of respondent Housing Authority of Baltimore City would be vacated and that protest, on reconsideration, would be denied. This in turn would afford the respondent Housing Authority of Baltimore City the opportunity to secure judicial review in this court of that action denying its protest. If on the other hand the Director should adhere to his prior action and deny the complainants' protest they would be in position to seek in this court the relief which we are presently without power to afford to them.
 
 
 13
 A judgment will be entered dismissing the complaint.
 
 
 
 Notes:
 
 
 [1]
 "Sec. 7. Section 204 of the Housing and Rent Act of 1947, as amended, is amended by adding at the end thereof the following new subsection:
 "`(r) Regulations or orders under this title shall be subject to the same proceedings for protest and review as are provided for regulations or orders relating to price controls by sections 407 and 408 of the Defense Production Act of 1950, as amended, and for such purpose such sections are hereby continued notwithstanding the provisions of section 717 of the Defense Production Act of 1950, as amended.'" 67 Stat. 25.
 
 
 [2]
 Theinter partes nature of such proceedings under the Rent Procedural Regulations was pointed out in Dargel v. Henderson, Em.App.1952, 199 F.2d 270.
 
 
 [3]
 Compare Dargel v. Henderson, Em.App. 1952, 200 F.2d 564, 567