**Eva HINES, Appellant,**

v.

**ROYAL INDEMNITY COMPANY,**
**Appellee.**

**No. 12987.**

United States Court of Appeals
Sixth Circuit.

Feb. 25, 1958.

Garrison, Myre & Myre, Paducah, Ky., for appellant.

Charles A. Williams, Paducah, Ky., for appellee.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

Appellant obtained a default judgment in the state court against Jessie Rudolph, arising out of personal injuries suffered in an automobile accident caused by Rudolph's negligent operation of his Oldsmobile sedan. The appellee insurance company had issued its liability indemnity insurance policy to Rudolph covering the Oldsmobile. Rudolph having failed to pay the judgment, the appellant filed suit in the District Court against appellee under the terms of its policy. Appellee defended on the ground that the insured had not given it written notice of the accident "as soon as practical" and had not forwarded to it the summons served on him in the state court action, as required by the contract of insurance. Appellant filed a reply setting up estoppel and a special type of waiver which she claimed prevented the insurer from relying upon the contract provisions. Judgment in that case was given for the appellee. Hines v. Royal Indemnity Co., D.C.W.D.Ky., 141 F.Supp. 234.

The District Court judgment was affirmed by this Court on April 3, 1957. Hines v. Royal Indemnity Co., 6 Cir., 244 F.2d 959. Our mandate issued on April 24, 1957. A new term of court began on October 7, 1957. Rule 2(1), Rules of Court, 28 U.S.C.

On January 8, 1958, appellant filed a motion in this Court for permission to file a motion to set aside and vacate the final judgment in favor of appellee and award the appellant judgment against the appellee in lieu thereof, under Rule 60 (b), subsections 4, 5 and 6, of the Feder-

al Rules of Civil Procedure, 28 U.S.C. Rule 60(b) provides for relief from final judgment on account of certain specified grounds, subsection 6 thereof being "any other reason justifying relief from the operation of the judgment."

The Rules of Civil Procedure apply to procedure in the District Courts, not to the Court of Appeals. Rule 1, Rules of Civil Procedure; Nachod v. Engineering & Research Corp., 2 Cir., 108 F.2d 594; Stewart Die Casting Corp. v. N. L. R. B., 7 Cir., 129 F.2d 481, 484.

The Court of Appeals, under its authority to make its own rules, has in several circuits adopted the Rules of Civil Procedure, either in whole or in part, where applicable, as a part of its own rules. McComb v. Row River Lumber Co., 9 Cir., 177 F.2d 129, 130; Dargel v. Henderson, Em.App., 199 F.2d 270, 272; Rules 8, 12, 13 and 14 of Rules of Court of Appeals for the Sixth Circuit. In other instances the provisions of a certain rule of the Rules of Civil Procedure have been applied by analogy by appellate courts. Union National Bank v. Lamb, 337 U.S. 38, 40–41, 69 S.Ct. 911, 93 L.Ed. 1190; Bethlehem Shipbuilding Corp. v. N. L. R. B., 1 Cir., 120 F.2d 126, 127. But, if the Court of Appeals has a rule of its own covering the question under consideration, it is better practice to apply its own rule. United States ex rel. Trinler v. Carusi, 3 Cir., 168 F.2d 1014; A. F. Wagner Iron Works v. United States, 89 F.Supp. 1016, 116 Ct.Cl. 607. In the present case, Section 452, Title 28 U.S.C. and Rule 24(2) of the Rules of this Court are applicable and will be considered as controlling on the question whether we have the authority to set aside a judgment of this Court after it has become final, and if such authority exists, when and under what conditions it should be exercised.

The present motion was filed some three months after the expiration of the term during which the judgment became final. Prior to June 25, 1948, it was settled law that the Court of Appeals had no jurisdiction to recall its mandate and set aside its judgment after the expiration of the term. Nachod v. Engineering & Reserve Corp., supra; Stewart Die Casting Corp. v. N. L. R. B., supra; Ex parte National Park Bank of New York, 256 U.S. 131, 133, 41 S.Ct. 403, 65 L.Ed. 863. See Watson v. Gallagher, 6 Cir., 202 F.2d 641, in which apparently the statute hereinafter referred to, which made a change in the law, was not called to our attention, and which, in view of what is hereinafter said, is no longer controlling. By Act of June 25, 1948, Section 452, Title 28 U.S.C., it was provided, "The continued existence or expiration of a term of court in no way affects the power of the court to do any act or take any proceeding." The Reviser's Note states that similar rules had been in effect in the District Courts and the Court of Customs and Patent Appeals, and this Act was written to cover all other courts of the United States. See Rule 6(c), Rules of Civil Procedure; Rule 45(c), Rules of Criminal Procedure, 18 U.S.C.; National Comics Publications, Inc., v. Fawcett Publications, Inc., 2 Cir., 198 F.2d 927.

Although the power exists to recall the mandate and set aside the judgment, certain Rules of this Court are our guide in the exercise of this power. The present motion was filed more than eight months after the issuance of the mandate. Its main contention, expressed in several different ways, is that the ruling is erroneous as a matter of law; that the Court overlooked the plea of waiver and estoppel which under the facts of this case and the well settled law of Kentucky rendered the judgment erroneous; and because the judgment is in direct conflict with the law as upheld by the Court of Appeals of Kentucky it "is no longer equitable." The motion does not attack the judgment as being void; it does not allege after-discovered fraud, or any other facts which might make the enforcement of the judgment "manifestly unconscionable." Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244, 64 S.Ct. 997, 88 L.Ed. 1250. It attacks the correctness of the judgment as a matter of law. The motion is obviously a pe-

tition for rehearing under a different name. Under Rule 22, Rules of this Court, it must be filed, or a motion made to extend the time of filing, within twenty days after judgment is entered. The motion was not timely filed and will not be considered.

■■ If we are incorrect in concluding that the motion constitutes nothing more than a petition for rehearing, we are met by Rule 24(2) of the Rules of this Court, which provides "A mandate once issued will not be recalled except by order of the court for good cause shown." No explanation is given for the present long delay. Compare: Klapprott v. United States, 335 U.S. 601, 613–614, 69 S.Ct. 384, 93 L.Ed. 266; Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207. In order to constitute "good cause shown" under the rule, there must be exceptional circumstances shown, which in the opinion of the Court are sufficient to override the strong public policy that there should be an end to a case in litigation, that when the judgment therein becomes final the rights or liabilities of the parties therein are finally determined, and that the parties thereafter are entitled to rely upon such adjudication as a final settlement of their controversy. Baldwin v. Iowa State Traveling Men's Association, 283 U.S. 522, 525, 51 S.Ct. 517, 75 L.Ed. 1244. See: Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244, 64 S.Ct. 997, 88 L.Ed. 1250. Otherwise, a successful litigant would never have repose in the use of what he has obtained through such litigation. Certainly, an alleged failure to correctly construe and apply the applicable state law does not constitute "good cause" within the meaning of the rule. Appellant had the opportunity, of which she apparently did not care to avail herself, of seeking a review of the ruling by application for Writ of Certiorari. Gray v. Brignardello, 1 Wall. 627, 68 U.S. 627, 634, 17 L.Ed. 693. No constitutional right of hers is violated by limiting her right of review in such a way. State of Ohio ex rel. Bryant v. Akron Metropolitan Park District, 281

U.S. 74, 80, 50 S.Ct. 228, 74 L.Ed. 710; National Union, etc. v. Arnold, 348 U.S. 37, 43, 75 S.Ct. 92, 99 L.Ed. 46.

Appellant's motion to set aside the judgment is overruled.