914 F.2d 270
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edward HALAS, Plaintiff-Appellant,
v.
Donald J. QUIGG, Defendant-Appellee.
 No. 90-1256.
 United States Court of Appeals, Federal Circuit.
 Aug. 13, 1990.
 
 Before NIES, Chief Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 This is an appeal from a judgment of the United States District Court for the District of Columbia (district court), Halas v. Quigg, No. 88-3317 (D.D.C. July 26, 1989). The court dismissed appellant's complaint in which he sought to reform an adverse judgment in a patent case rendered by the same court on June 13, 1978. His appeal to the United States Court of Appeals for the District of Columbia Circuit was transferred to this court because of our exclusive jurisdiction. We affirm the judgment of the district court.
 
 OPINION
 
 2
 After Mr. Halas' application for a patent was denied by the Board of Patent Appeals, he filed a civil action in the district court, pursuant to 35 U.S.C. Sec. 145. On June 14, 1978, the district court dismissed his complaint, and on appeal the judgment was affirmed by the United States Court of Appeals for the District of Columbia Circuit. Thereafter, Mr. Halas filed seven separate motions for reconsideration and rehearing with the court of appeals, and all of them were denied.
 
 
 3
 In the case before us, the district court properly treated Mr. Halas' complaint entitled "Motion to Reopen Case Based on Additional Evidence" as a motion under Fed.R.Civ.P. 60(b). Mr. Halas' complaint was based primarily on the ground of newly discovered evidence, and the district court correctly dismissed the complaint, because Rule 60(b) requires that any motion under that rule be made within one year of the judgment. Since his complaint was filed more than ten years after the entry of the original judgment, it is clear that he failed to meet the requirements of the rule. See Goland v. Central Intelligence Agency, 607 F.2d 339, 372 (D.C.Cir.1978), cert. denied, 445 U.S. 927 (1980).
 
 
 4
 The district court also determined that Mr. Halas was not entitled to relief under Fed.R.Civ.P. 60(b)(6), which permits a district court to grant relief from judgment for "any other reason justifying relief from the operation of the judgment." It is well settled that relief under this subsection of Rule 60(b) is an extraordinary remedy, which is used sparingly and one which will not be granted except for good cause shown. See American Iron and Steel Inst. v. EPA, 560 F.2d 589 (3d Cir.1977). In order to constitute good cause, there must be a showing of exceptional circumstances, "which render it manifestly unconscionable that a judgment be given effect." Greater Boston Television Corp. v. FCC, 463 F.2d 268, 279 (D.C.Cir.1971), cert. denied, 406 U.S. 950 (1972) (quoting 7 J. Moore, Federal Practice p 60.37 at 623).
 
 
 5
 Mr. Halas' complaint was based to a large extent on his contention that the representatives of the Patent and Trademark Office, and the members of the judiciary who thereafter reviewed his several petitions and motions, failed to understand the novelty of his invention. The material which he submitted as newly discovered evidence included 19 articles describing experiments conducted by the Chinese Academy of Science. The articles all date from the mid-1980's. Obviously, the material does not constitute newly discovered evidence within the meaning of the rule. The courts have uniformly held that evidence of events occurring after the trial is not newly discovered evidence within the meaning of the rule. See Corex Corp. v. United States, 638 F.2d 119, 121 (9th Cir.1981). In addition, the other materials presented were not shown to be relevant.
 
 
 6
 We have carefully reviewed the material submitted in Mr. Halas' brief and must conclude that he has failed to meet the rigid requirements for obtaining relief under Rule 60(b)(6). He has not shown that there are exceptional circumstances in his case which are sufficient to override the strong public policy that there be an end to litigation when a judgment becomes final. See Hines v. Royal Indem. Co., 253 F.2d 111, 114 (6th Cir.1958).
 
 
 7
 For the foregoing reasons, we hold that the district court did not abuse its discretion in dismissing Mr. Halas' complaint.