96 F.3d 849
 BELLSOUTH CORPORATION (94-4113; 95-3315), BellSouth
Telecommunications, Inc. (95-3315), and BellSouth
Enterprises, Inc. (95-3315), Petitioners,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents.
 Nos. 94-4113, 95-3315.
 United States Court of Appeals,
Sixth Circuit.
 Oct. 1, 1996.
 
 William B. Barfield, Atlanta, GA, Craig E. Gilmore, Robert G. Kirk, Michael D. Sullivan, L. Andrew Tollin, Wilkinson, Barker, Knauer & Quinn, Washington, DC, Jim O. Llewellyn, John F. Beasley, BellSouth Corporation, Atlanta, GA, for BellSouth Corp., BellSouth Telecommunications, Inc., BellSouth Enterprises, Inc., in Nos. 94-4113, 95-3315.
 Joseph Di Bella, White Plains, NY, for New York Telephone Co., New England Tel. & Tel. Co., in No. 94-4113.
 Ashton R. Hardy, J. Michael Lamers, Hardy & Carey, Metairie, LA, for Radiofone, Inc., in No. 94-4113.
 
 
 1
 John E. Ingle, James M. Carr, William E. Kennard, Office of the General Counsel, F.C.C., Washington, DC, for F.C.C., in No. 94-4113.
 
 
 2
 William E. Kennard, Joel Marcus, Office of the General Counsel, F.C.C., Washington, DC, for F.C.C., in No. 95-3315.
 
 
 3
 Robert J. Wiggers, Cathrine G. O'Sullivan, U.S. Dept. of Justice, Antitrust Div., Washington, DC, James M. Carr, William E. Kennard, Office of the General Counsel, F.C.C., Washington, DC, for U.S., in No. 94-4113.
 
 
 4
 Robert J. Wiggers, Cathrine G. O'Sullivan, U.S. Dept. of Justice, Antitrust Div., Washington, DC, William E. Kennard, Office of the General Counsel, F.C.C., Washington, DC, for U.S., in No. 95-3315.
 
 
 5
 Austin C. Schuck, Michael K. Kellogg, Kellogg, Huber, Hansen, Todd & Evans, Washington, DC, for Pacific Telesis Mobile Services, in No. 94-4113.
 
 
 6
 Michael K. Kellogg, Kellogg, Huber, Hansen Todd & Evans, Washington, DC, for Pacific Bell Mobile Services in Nos. 94-4113, 95-3315 and Pacific Telesis Mobile Services, in No. 95-3315.
 
 
 7
 Alan Lescht, Reid & Priest, Washington, DC, for Timmonstel Wireless New York L.L.C., in Nos. 94-4113, 95-3315.
 
 
 8
 Robert B. McKenna, Washington, DC, for U.S. West, Inc., in No. 95-3315.
 
 
 9
 Before: MARTIN, Chief Judge; BATCHELDER, Circuit Judge; EDMUNDS,* District Judge.
 
 ORDER
 
 10
 BOYCE F. MARTIN, Jr., Chief Judge.
 
 
 11
 BellSouth has moved to recall our mandate issued as a result of our November 9, 1995 opinion, Cincinnati Bell Tel. Co. v. Federal Communications Comm'n, 69 F.3d 752 (6th Cir.1995). The company further moves to vacate the cellular structural separation rule promulgated by the Federal Communications Commission at 47 C.F.R. § 22.903. Although BellSouth also requests oral argument on this motion, the Court unanimously agrees that the Court's disposition of this motion would not be aided by oral argument and accordingly denies that request. Fed.R.App.P. 34(a).
 
 
 12
 In Cincinnati Bell, we addressed the Federal Communications Commission's refusal to eliminate structural separation requirements for the provision of cellular service by Bell Operating Companies. The Commission declined to decide the structural separation issue during the Personal Communications Service rulemaking process based on what the agency termed an "insufficient record." After noting that the Federal Communications Commission's structural separation requirement was somewhat dubious, we found the agency's "insufficient record" justification arbitrary and capricious. Accordingly, we remanded the case to the Commission for a reexamination of whether the structural separation requirement was in the public interest. In so doing, the Court instructed that "time is of the essence" due to the ongoing auction of the Personal Communication Service blocks and the potential harm to Bell Operating Companies--the only group under the structural requirement--as a result of their inability to compete on a level playing field in that auction process. The Court thus instructed the Commission to determine "as soon as possible" whether the structural separation requirement was necessary and in the public interest.
 
 
 13
 BellSouth now seeks to have the Court recall its mandate and vacate the structural separation rule. BellSouth argues that the Commission has failed to take any steps to implement the mandate, thereby ignoring the Court's instruction that the determination as to the rule should be made "as soon as possible." BellSouth further claims that the Commission's failure to act with alacrity in this regard has given BellSouth's competitors an unfair advantage. Specifically, BellSouth states that it has relied repeatedly on Commission assurances that the agency would move forward quickly, in accordance with the Court's mandate, only to see those promises go unfulfilled. BellSouth contends that such delays have harmed, and will continue to harm, the company by hampering its participation in the block auctions. Furthermore, BellSouth argues that executing the Court's mandate in a timely fashion was well within the Commission's capabilities as evidenced by the agency's quick implementation of other aspects of the Court's opinion as well as its rapid responses to time-critical issues facing the agency in the past.
 
 
 14
 The Federal Communications Commission responds that it has acted to implement the Court's mandate during the past eight months. These actions, notes the Commission, have led to the production of a notice of proposed rulemaking on the issue, which was adopted on July 25, 1996 and released on August 13, 1996. In addition, the Commission cites several factors that have frustrated the agency's efforts to further expedite the process: among these, the difficult nature of the issue and changes brought on by the Telecommunications Act of 1996 and Commission responses to other portions of the Court's Cincinnati Bell opinion. Finally, the agency contends that the potential harm alleged by BellSouth has been reduced through Congress's subsequent allowance of joint marketing between Bell Operating Companies and their wireless subsidiaries, as well as the notice of proposed rulemaking's grant of immediate relief from the structural separation requirement "out-of-region cellular service" by Bell Operating Companies.
 
 
 15
 With regard to the recall of a mandate, we stated in Hines v. Royal Indem. Co., 253 F.2d 111 (6th Cir.1958), that one seeking recall of a mandate must demonstrate good cause for that action through a showing of exceptional circumstances. Such "exceptional circumstances" must be "sufficient to override the strong public policy that there should be an end to a case in litigation, that when the judgment therein becomes final the rights or liabilities of the parties therein are finally determined, and that the parties thereafter are entitled to rely upon such adjudication as a final settlement of their controversy." Id. at 114 (citing Baldwin v. Iowa State Traveling Men's Assoc., 283 U.S. 522, 525, 51 S.Ct. 517, 518, 75 L.Ed. 1244 (1931)). Other circuits have placed similar requirements on parties seeking recall of a court's mandate. See, e.g., Fine v. Bellefonte Underwriters Ins. Co., 758 F.2d 50, 53 (2d Cir.) (requiring "exceptional circumstances"), cert. denied, 474 U.S. 826, 106 S.Ct. 86, 88 L.Ed.2d 70 (1985); United States v. Barela, 571 F.2d 1108, 1114 (9th Cir.) (noting that recall of mandate is an "extraordinary remedy ... only granted in cases where it is necessary to serve the interests of justice"), cert. denied, 436 U.S. 963, 98 S.Ct. 3083, 57 L.Ed.2d 1130 (1978); Greater Boston Television Corp. v. Federal Communications Comm'n, 463 F.2d 268, 278 (D.C.Cir.1971) (requiring exceptional circumstances); and Gradsky v. United States, 376 F.2d 993, 995 (5th Cir.) (showing of good cause expressed through likelihood of injustice), cert. denied, 389 U.S. 908, 88 S.Ct. 224, 19 L.Ed.2d 224 (1967).
 
 
 16
 In considering whether to recall mandates, many circuits have emphasized that the power to do so should be "exercised sparingly," and we agree. See Boston and Maine Corp. v. Town of Hampton, 7 F.3d 281, 283 (1st Cir.1993); Dilley v. Alexander, 627 F.2d 407 (D.C.Cir.1980); Estate of Iverson v. Comm'r, 257 F.2d 408, 409 (8th Cir.), cert. denied, 358 U.S. 893, 79 S.Ct. 154, 3 L.Ed.2d 120 (1958). Grounds frequently cited for recalling a court's mandate include fraud upon the court, clarification of an outstanding mandate, and correction of a clerical mistake. See A to Z Portion Meats, Inc. v. NLRB, 643 F.2d 390, 392 (6th Cir.1980); Dilley, 627 F.2d at 410; Greater Boston Television Corp., 463 F.2d at 278-79; Bailey v. Henslee, 309 F.2d 840 (8th Cir.1962); Meredith v. Fair, 306 F.2d 374 (5th Cir.1962). These grounds are not present here.
 
 
 17
 The present case does not fit into any of the categories of exceptional circumstances we have enumerated that would provide grounds to recall the mandate. BellSouth's primary argument for a recall is that the Commission's delay in acting upon the mandate, coupled with the harm that delay is inflicting upon BellSouth, justify the Court's exercise of this rare and extraordinary action. These reasons are insufficient. While the Commission has not acted as quickly as the Court might prefer, the agency has acted by producing and releasing a notice of proposed rulemaking, continuing to move forward to resolve the issue put to them by this Court. Thus, while the process may have moved more slowly than in ideal circumstances, this delay does not present the type of exceptional circumstances that require us to recall the mandate.
 
 
 18
 Likewise, the alleged harm to BellSouth is insufficient grounds for a recall in this case. The notice of proposed rulemaking has granted immediate relief from the structural separation requirement for Bell Operating Companies' "out-of-region" cellular operations. Thus, BellSouth is still free to play an active role in the Personal Communication Service auction process, and it has done so by acquiring Personal Communication Service licenses. Moreover, it appears from the parties' briefs that BellSouth currently faces little competition from Personal Communication Service systems. While BellSouth's competition is likely to increase in the future, the prospect of increased competition is not grounds for the Court to take the extraordinary step requested by the petitioners. Therefore, we find that the harms BellSouth claimed in its brief do not present the extraordinary circumstances that justify a recall of the Court's mandate.
 
 
 19
 In addition to the reasons we provide above, the Court is averse to recalling the mandate given the extreme remedy sought by BellSouth. BellSouth has asked the Court to take it upon itself to vacate a Commission rule on which a notice of proposed rulemaking has been released. Congress has placed upon the Commission, and not the Court, the duty of determining whether rules such as the one at issue are within the public interest. To vacate the rule before the rulemaking process has run its course would constitute a usurpation of the administrative process. Accordingly, IT IS ORDERED that BellSouth's motion to recall the Court's mandate is hereby DENIED.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation