## Ratliff v. Ratliff et al.

April 18, 1939.

R. Monroe Fields, Judge.

FRANK W. STOWERS for appellant.

A. F. CHILDERS for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Dismissing appeal.

William Ratliff, individually and as administrator of his deceased wife, Nancy Ratliff, instituted this action against his son, J. A. Ratliff, and Tildie Ratliff, his wife, seeking to recover an alleged balance of about $1,700 on a mortgage note. For reasons unnecessary to enumerate and which it later developed did not in fact exist he made the other children borne to him by his deceased wife, Nancy Ratliff, parties defendant.

It was alleged that the note and mortgage had been lost but by amended pleading it was alleged that they had been found and were filed as exhibits with the pleading. By answer defendants J. A. Ratliff and wife alleged that the note had been fully paid and satisfied and that they held a receipt so showing. However, before the answer had been filed, William Ratliff died intestate and his son, George W. Ratliff, was appointed administrator of his estate and as such came into the circuit court in this action, suggested the death of William Ratliff, and asked that the action be revived in the name of the administrator which was done. By reply the administrator traversed the affirmative allegations of the answer and alleged that the receipt relied on .by defendants and filed as an exhibit in the action was not executed by William Ratliff and the signature thereon was not his signature; that he had not executed or authorized anyone to execute such receipt for him. The issues were completed by a rejoinder traversing the affirmative allegations of the reply.

After depositions had been taken by the respective parties, the administrator moved the court to dismiss the action without prejudice on the ground that he believed the note sued on had been settled in full during the lifetime of William Ratliff and therefore he did not desire to further prosecute the action against the defendants. Thereupon, Gracie Ratliff, the widow of decedent, and whom he had married after the death of his former wife, Nancy Ratliff, filed a response to the motion of the administrator to dismiss the action without prejudice and a petition to be made a party plaintiff in which she set out grounds why the transaction should not be dismissed and why the administrator should be required to withdraw the motion to dismiss. We find no further reference in the record to the motion to dismiss the action without prejudice; however, it appears that the cause was submitted to the court on exceptions filed by plaintiff to the deposition of defendant J. A. Ratliff and upon the merits, and judgment was entered sustaining the exceptions to the deposition of J. A. Ratliff and adjudging upon the merits that plaintiffs were not entitled to the relief sought and that their petition be dismissed and this appeal followed.

As appears from the statement of appeal, George Ratliff, administrator, is the sole appellant. J. A. Ratliff and Tildie Ratliff are the appellees. Appellees have

796

heretofore filed a motion to dismiss the appeal on the ground that it was not authorized by George Ratliff, the administrator, who appeared as appellant and this motion is supported by an affidavit of George Ratliff, the administrator, in which he stated that he did not desire to appeal the case and did not advise or authorize his attorney to appeal it; that he had filed an affidavit with the clerk of the circuit court advising him that he did not intend to appeal from the judgment rendered but that without his knowledge or consent someone had the transcript of the record made and filed same in this court; that he did not desire to prosecute the appeal and asked that same be dismissed. Counsel for appellant has filed motion supported by affidavits to pass the motion to dismiss the appeal to the merits which motion has been sustained.

The interests of Gracie Ratliff, the widow, and her children by decedent in the outcome of this litigation is at once apparent and while she intervened and asked to be made a party in the court below she was not and has not asked to be made a party to this appeal. Since the only party appellant has joined in the motion of the appellee to dismiss the appeal no other course is left open to this court than to sustain the motion; however, we do so without prejudice to the right of Gracie Ratliff to prosecute an appeal on the record before us within the time required by law if she desires to do so.

Wherefore, the motion to dismiss the appeal is sustained.