**James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Movant,**

**v.**

**Deleta BRATCHER, Shedd Bartush Foods, and Workmen's Compensation Board, Respondents.**

Supreme Court of Kentucky.

Feb. 27, 1979.

Cyril E. Shadowen, Dept. of Labor, Louisville, Kenneth F. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for movant.

Paul K. Murphy, Louisville, for D. Bratcher.

Armer H. Mahan, Jr., Davis & Mahan, Louisville, for Shedd Bartush Foods.

William L. Huffman, Frankfort, for Workmen's Compensation Bd.

LUKOWSKY, Justice.

Review was granted in this case so that we might examine its bizarre procedural journey through the Court of Appeals. We reverse and remand.

On March 31, 1978 the Court of Appeals rendered an unpublished opinion in this case. None of the parties sought either a rehearing or discretionary review of that decision within the time allowed by CR 76.32 and 76.20. The parties tacitly accepted that unpublished decision as the disposition of this case. Consequently, on May 11, 1978 the mandate of the Court of Appeals enforcing this decision was issued to the trial court.

On May 26, 1978, the Court of Appeals entered the following order:

> "The Court, on its own motion, hereby orders that the opinion rendered March 31, 1978, and the mandate issued May 11, 1978, be withdrawn. If, within ten days, no party to this action objects to the new opinion rendered today, the mandate will then issue."

The new opinion expressed an entirely new basis for the same result. The old opinion disposed of the case on its own peculiar facts. The new opinion amplified this factual examination into a rule of law governing the weight to be given to the testimony of treating physicians.[1] The Court of Appeals directed that the new opinion be published.

By these actions the Court of Appeals arrogated to itself the authority:

---

1. Contra, *Codell Construction Co. v. Dixon*, Ky., 478 S.W.2d 703, 708 (1972).

1. To reduce the time for filing a petition for a rehearing from twenty to ten days contrary to CR 76.32;

2. To reduce the time for filing a petition for discretionary review from forty to ten days contrary to CR 76.20;

3. To cause a second mandate to issue thirty days early contrary to CR 76.30;

4. To circumvent the publication limitation imposed by CR 76.28.[2]

■ CR 76.30 permits an intermediate appellate court to recall its mandate in its discretion. The discretion granted by the rule is not an arbitrary or capricious discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a personal discretion to be exercised by whim. It is a legal discretion to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. Cf. *Workman v. Commonwealth*, Ky., 580 S.W.2d 206 (1979).

■ There is a strong policy of repose which requires that mandates and the opinions which they effectuate carry a heavy seal of finality. Litigation must end some place and this is the logical place to draw the line. *Beazley v. Mershon*, 69 Ky. (6 Bush) 424, 427 (1869). Consequently, the power to recall mandates should be exercised sparingly and only where special reasons or exceptional circumstances require that action. *Hines v. Royal Indemnity Co.*, C.A. 6th, 253 F.2d 111, 114 (1958). It is not to be used freely for the purpose of revising the substance of opinions even assuming the court becomes doubtful of the wisdom of the decision that has been entered and become final. *Estate of Iverson v. Commissioner of Internal Revenue*, C.A. 8th, 257 F.2d 408, 409 (1958).

The most common reasons for recall of mandates are to correct clerical mistakes or to make the mandate consistent with the opinion. *Kinnear-Weed Corp. v. Humble Oil & Refining Co.*, C.A. 5th, 296 F.2d 215 (1961); Cf. *Klapprott v. United States*, 335 U.S. 601, 616, 69 S.Ct. 384, 93 L.Ed. 266, judgment modified, 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099 (1949). In other situations only the strongest equities will support the exercise of the power. See *Greater Boston T. V. Corp. v. F.C.C.*, 149 U.S.App. D.C. 322, 463 F.2d 268, 277–279 (1971).

The only reasons we can ken from the record to explain the actions of the Court of Appeals are:

1. It desired to revise the substance of its old opinion.

2. It desired to publish its new opinion after the parties acquiesced in the original nonprecedential disposition of the case.

3. It desired to circumvent CR 76.32, 76.20, 76.30 and 76.28.

■ Taken singly or en masse, these do not support, but rather militate against, the exercise of discretion to recall the original mandate. This abuse of discretion by the Court of Appeals annuls the new opinion[3] and the second mandate and revivifies the original disposition of the case. This view restores the parties to the positions they voluntarily adopted prior to May 11, 1978 and moots all substantive issues.

The decision of the Court of Appeals is reversed and the cause is remanded to it with directions to reissue its old opinion and its original mandate.

All concur.

---

2. The new opinion appears at 568 S.W.2d 54 (1978) despite the facts that a petition for discretionary review was filed on June 14, 1978 and granted by us on October 3, 1978.

3. The opinion of the Court of Appeals which appears at 568 S.W.2d 54 (1978) was not validly rendered. It was published contrary to CR 76.28. It shall not be cited or used as authority in any other case.