John Calhoun WELLS, Secretary, Labor Cabinet (Special Fund), Appellant,

v.

Charles T. MORRIS, United Parcel Service, Liberty Mutual Insurance Company, and Workers' Compensation Board, Appellees.

Court of Appeals of Kentucky.

Oct. 25, 1985.

Douglas A. U'Sellis, Labor Cabinet, Louisville, for appellant.

J. Robert Lyons, Jr., Brock, Brock & Bagby, Lexington, for appellee, Charles T. Morris.

Robert H. Measle, Fowler, Measle & Bell, Lexington, for appellees, United Parcel Service and Liberty Mut. Ins. Co.

Before LESTER, WHITE and WILHOIT, JJ.

WHITE, Judge.

This is an appeal by the Special Fund from a judgment of the Fayette Circuit Court reversing the Board's finding of a 20% occupational disability and remanding the case to the Board for further findings regarding percentage of functional impairment. We affirm.

This case is peculiar in that the initial appeal from the Board to the Fayette Circuit Court was by the claimant, who had received an award from the Board for a 20% permanent partial occupational disability. The award had been divided, with 12% recovery being from the employer for the injury and 8% recovery from the Special Fund for the arousal of a dormant, nondisabling condition into a state of disabling reality.

The issue on appeal was based by the claimant upon the fact that three doctors had testified that he was indeed suffering from functional impairment according to the AMA guidelines of 1977. Two of the doctors had opined that claimant's impairment was 30% to the body as a whole, while the third doctor had assessed only 10% functional impairment under the guidelines. The claimant's appeal was based on two arguments: (1) that the Board was obligated under KRS 342.730(1)(b) to find a percentage of functional impairment and (2) that the Board had erred in its approach to determining the occupational disability by simply "splitting the difference" and fixing such percentage at 20%.

The second peculiarity of this case is that although we hold that the Circuit Court was correct in its judgment reversing and remanding, it was for the wrong reasons. The Circuit Court concluded that upon the authority of *Shedd Bartush Foods v. Bratcher*, Ky.App., 568 S.W.2d 54 (1978), the Board was obligated to give more weight to the evidence of the attending physician than to the evidence of the others. This clearly is not the law and *Shedd Bartush Foods, supra,* is not to be cited as authority for any purposes. *See Yocom v. Bratcher*, Ky., 578 S.W.2d 44 (1979).

■ It was further concluded by the Circuit Court that the Board had in fact arrived at its conclusion in the award of 20% occupational disability by the simple equation of "splitting the difference." There is nothing in the record from which such a conclusion can be reached except by mere conjecture or speculation.

We have carefully reviewed this case in the light of *Cook v. Paducah Recapping Service*, Ky., 694 S.W.2d 684 (1985), and hold that it is fully dispositive of the issue herein of whether or not the Board is bound by KRS 342.730(1)(b) to find a percentage of functional impairment of the claimant in partial permanent disability situations.

■ The *Cook* case delineates the rule by which the Board will be guided as follows:

> The option to award benefits for impairment as determined by the American Guidelines by the plain wording of the statute comes into play only when an award is authorized for permanent partial *disability* and then only if the percentage of functional impairment is greater than the percentage of occupational disability.

> It follows, then, that if no occupational disability is found to exist, the Board need make no finding as to the extent of functional disability.

We construe KRS 342.730(1)(b) to mean that when the claimant has some degree of disability as defined under KRS 342.-620(11), *viz.*, decrease of wage earning capacity or loss of ability to compete due to his injury, then and only then is he entitled to the greater of his bodily function impairment under the guidelines or his percentage of disability under KRS 342.620(11).

This in no wise changes the law in any respect as to the Board's authority for translating functional impairments into occupational disability or granting awards for an injury of appreciable proportions as spelled out by *Osborne v. Johnson*, Ky., 432 S.W.2d 800 (1968).

The judgment of the Fayette Circuit Court is affirmed but is remanded with directions to remand to the Board for findings and an award not inconsistent with this opinion.

All concur.