Charles C. JONES and Phyllis Jones, Appellants

v.

Luther C. CONNER, Jr.; Susan W. Conner; and Wolf River Resort and Marina, Inc., Appellees.

No. 94–CA–1505–MR.

Court of Appeals of Kentucky.

Feb. 16, 1996.

Charles J. McEnroe, Somerset, briefed for appellants.

H. Jefferson Herbert, Jr., Herbert & Herbert, Glasgow, briefed for appellees.

Before HOWERTON, HUDDLESTON and WILHOIT, JJ.

*OPINION AND ORDER*

WILHOIT, Judge.

This matter is before the court on joint motion of the parties to withdraw the opinion issued in this case and to remand the case to the Clinton Circuit Court for entry of an appropriate order since the parties have agreed to a settlement of their dispute.

It has long been recognized in this jurisdiction that the parties to a suit have the absolute right to settle their dispute at any time, even after "the litigation has been brought to the Court of Appeals and there has been a final judgment by that court, determining the rights of the parties...." *Bernheim v. Wallace,* 186 Ky. 459, 217 S.W. 916, 921 (1920). By appropriate motion, the settling parties may demand that a trial court to which a case has been remanded by an appellate court enter an order comporting with their agreement even though the order would not comport with the decision of the appellate court. *Id.*

An appellate court retains full jurisdiction over a case if the opinion or order disposing of the appeal has not yet become final. Prior to finality, the appellate court may take such action with respect to the case as it deems appropriate, including the withdrawal of an issued opinion and dismissal of the case. Even though they may have a right to have their case dismissed because they have settled the controversy between them, *see Ratliff v. Ratliff,* 277 Ky. 794, 127 S.W.2d 838 (1939), the parties to an appeal do not have an unqualified right to have their case dismissed and a rendered opinion withdrawn. Once an opinion has been issued, it is within the appellate court's discretion to take such action.

In exercising that discretion, the court should be guided by the policy which seems to be behind CR 76.28(5). *Cf. Yocom v. Bratcher,* Ky., 578 S.W.2d 44 (1979). CR 76.28(5) provides as follows:

Parties to an appeal may not by agreement dismiss an appeal and have an opinion withdrawn after it has been issued.

Settlements are favored by the courts, and the parties are always free to make whatever settlement they wish even after an appellate court has finally decided their controversy. Taking into consideration these principles, the policy behind CR 76.28(5) must be that opinions which establish or further refine precedents of importance to the body of the law and which would, therefore, affect other pending or future cases, should not be withdrawn simply because the parties agree to that.

This case certainly does not present that kind of situation. In fact, the opinion herein was not even ordered to be published because of its lack of precedential value. For this reason, the motion to dismiss this case and withdraw the opinion already issued is hereby GRANTED. The opinion rendered December 8, 1995, is WITHDRAWN and this appeal is DISMISSED. This matter is REMANDED to the trial court for entry of an order consistent with the agreed settlement of the parties.

All concur.